503 So.2d 643 (1987)
STATE of Louisiana
v.
Lee PARKER.
No. KA-5161.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
*644 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GULOTTA, LOBRANO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Lee Parker, was charged with the offenses of attempt first degree murder and aggravated burglary. After a trial, a twelve member jury found him guilty as charged of each offense. On the charge of attempt first degree murder, he was sentenced to serve fifty years at hard labor with an additional two years at hard labor pursuant to LSA-R.S. 14:95.2[1], and *645 on the charge of aggravated burglary, he was sentenced to serve thirty years at hard labor. It is from these sentences that the defendant has appealed.
The record reflects that on March 18, 1985, at approximately 3:00 p.m., several New Orleans police officers responded to a "burglary in progress" call at 1820 Short Street. Upon their arrival, they heard someone running through the house toward the rear. Officer Alva Simmons and Officer Ronald Moore were proceeding down the alleyway in order to help secure the exterior of the house when Moore saw the kitchen window suddenly open and a pistol being thrust in their direction by the man inside the house, a man identified as the defendant Lee Parker. Officer Moore shouted a warning to Simmons. As Simmons turned to face the window the defendant shot him in the neck, shattering his jawbone and causing vascular injury. Parker also shot at Officer Moore and other police officers. As Moore paused to reload his weapon, the defendant dove from the window with a gun in hand and landed in the alleyway. He then tried to escape by running through the backyards of the adjacent houses, jumping over fences and falling into a swimming pool along the way. Shortly thereafter, the defendant was apprehended a few blocks from the scene. In a taped statement made to the police, which was read to the jury at trial, Parker admitted breaking into the house and arming himself with a gun he found in the house. The owner testified that he did not give Parker permission to enter the house.
At trial, Parker testified in his own behalf. He denied entering the house, explaining that he was returning from a friend's house when he saw the police cars arriving at the scene. He stated that because he had just been released from a juvenile detention facility and because he was carrying drugs on him, he ran from the scene. He testified that because he was attempting to flee, he was captured by the police. He admitted he had a prior conviction for simple burglary of an inhabited dwelling.
A review of the record reflects that there are no errors patent.
In his first assignment of error, defendant contends, and the state now concedes, that the trial court erred by imposing an additional two years imprisonment on his sentence for his attempt first degree murder charge pursuant to LSA-R.S. 14:95.2. LSA-R.S. 14:95.2 provides for the imposition of additional penalties when a person uses a firearm during the commission of certain enumerated crimes. Although the statutory language appears mandatory, the Louisiana Supreme Court has held that the additional penalty cannot be imposed unless the state has given prior notice by charging the defendant under the statute via a valid bill of information. State v. Jackson, 480 So.2d 263 (La.1985). Because the defendant was not provided such notice, we vacate the additional two year penalty imposed under the provisions of LSA-R.S. 14:95.2.
In his second assignment of error the defendant argues that the trial court erred by failing to state adequate reasons for imposing consecutive sentences, and that the sentences, when aggregated, are constitutionally excessive. We disagree.
The defendant was sentenced to serve fifty years and thirty years at hard labor respectively for his convictions of attempt first degree murder and aggravated burglary. He does not argue that the individual sentences are excessive, but rather that because the two convictions arise out of the same incident, the sentences should have *646 been imposed to run concurrently, not consecutively.
Article 883 of the Code of Criminal Procedure provides in part:
"If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms shall be served concurrently unless the court expressly directs that some or all be served consecutively...."
As a general rule sentences served for crimes arising out of a single course of conduct are served concurrently instead of consecutively. However, the Louisiana Supreme Court has never held that consecutive sentences are necessarily excessive. State v. Williams, 445 So.2d 1171 (La.1984). Other factors must be taken into consideration in determining whether sentences should be served consecutively. State v. Ortego, 382 So.2d 921, 923 (La.1980); State v. Ashley, 463 So.2d 794 (La.App. 2nd Cir.1985). Some of those factors include defendant's criminal history, State v. Ortego, supra; the dangerousness of the offense, State v. Underwood, 353 So.2d 1013 (La.1978); the vicousness of the crimes State v. Murdock, 416 So.2d 103 (La.1982); the harm done to the victim, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983); the potential for defendant's rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983); and the danger posed by the defendant to the public safety, State v. Carter, 412 So.2d 540 (La.1982).
Although sentencing guidelines are established in LSA-C.Cr.P. Art. 894.1, the imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification. State v. Messer 408 So.2d 1354 (La.1982); State v. Mosley, 466 So.2d 733 (La.App. 4th Cir.1985).
In the instant case we find that the trial court more than adequately complied with LSA-C.Cr.P. Art. 894.1. In giving his reasons for sentencing, the trial judge noted the defendant's disregard for the property and safety of others as evidenced by his previous record of criminal activity including a juvenile adjudication for simple burglary and prior adult convictions for simple burglary of an inhabited dwelling and attempt simple burglary of an inhabited dwelling which occurred in the same neighborhood as the crimes in this case. As a matter of fact, these adult convictions resulted from crimes committed just twelve days after defendant's release from a correctional facility.
The trial court also noted the particular circumstances of the crimes. The defendant, without provocation, shot Officer Simmons from near point-blank-range from within the safety of the house. He also shot at other police officers. The medical evidence indicates that Officer Simmons would have probably died on the scene had it not been for the emergency procedures administered by a nurse who happened to be visiting next door. Officer Simmons, the father of three young children, underwent eight hours of extensive emergency surgery. He rallied for a few months, but then slipped into an irreversible coma.
Despite the defendant's youth, the trial court was convinced that the defendant would not respond to rehabilitation and would be a constant risk to the public safety if released. Thus, the court pointed out defendant's need of continued correctional incarceration and treatment.
The court also considered the mitigating factors listed in article 894.1 and found that none applied.
Considering defendant's criminal history, the gravity of the offenses, the total lack of provocation, and the risk of danger to the public presented by the defendant, we find no abuse of discretion in the trial court's imposition of consecutive sentences. Nor do we find the sentences imposed excessive. State v. Molinario, 400 So.2d 596 (La.1981).
Accordingly, the defendant's convictions and original sentences are affirmed but his sentence on the charge of attempt first degree murder is amended to delete only that portion which imposes an additional two years pursuant to R.S. 14:95.
CONVICTIONS AFFIRMED
*647 SENTENCES AFFIRMED AS AMENDED.
NOTES
[1] LSA-R.S. 14.95.2:

ADDITIONAL PENALTIES FOR POSSESSION OF A FIREARM OR EXPLOSIVE DEVICE IN THE COMMISSION OF CERTAIN CRIMES
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
Added by Acts 1977, No. 622, § 1. Amended by Acts 1984, No. 467, § 1.