PLOTKIN, Judge,
dissenting with written reasons:
I respectfully dissent.
In his fourth assignment of error, Charles Washington contends that the trial court erred in imposing consecutive sentences. La.C.Cr.P. art. 894.1 directs the trial court to consider both aggravating and mitigating factors in imposing sentence. When a defendant is convicted of two or more offenses based on the same act or transaction, sentences shall be concurrent “unless the court expressly directs that some or all be served consecutively.” La.C.Cr.P. art. 883. In such a situation,
the court must articulate particular justification for such a sentence beyond the mere articulation of standard sentencing guidelines. State v. Messer, 408 So.2d 1354, 1357 (La.1982), State v. Jackson, 552 So.2d 445, 448 (La.A pp. 4 Cir.1989).
Factors to be considered by the sentencing court when imposing consecutive sentences include those enumerated in LSA-C.Cr.P. art. 894.1, and whether the defendant poses an unusual risk to the safety of the public. State v. Piazza, 496 So.2d [1229] at 1232 [La.App. 5th Cir.1986] [factors to be considered include the multiplicity of acts, lack of remorse, and the risk to the public]; State v. Parker, 503 So.2d 643 (La.App. 4th Cir.1987) [other factors include defendant’s criminal history, the dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, the potential for defendant’s rehabilitation, and the danger posed by the defendant to the public]; State v. Lighten, 516 So.2d [1266] at 1268 [La.App. 2nd Cir. 1987]; State v. Tomlin, 478 So.2d [622] at 624 [La.App. 2nd Cir.1985]; State v. Piazza, 496 So.2d at 1232. Moreover, Article 894.1 requires that the sentencing court state for the record its considerations and its basis for the sentence. State v. Williams, 445 So.2d [1171] at 1182 [La.1984]. See also State v. Tomlin, 478 So.2d at 624 [the sentencing court noted for the record defendant’s prior arrests, his record of harrassing teenage girls, his poor work record, and the serious likelihood of his committing further crimes]; State v. Piazza, 496 So.2d at 1232 [the sentencing court noted that defendant committed the crimes over an extended period of time and the acts were clearly premeditated. Those considerations, along with defendant’s refusal to admit the criminality of his acts led the court to conclude that a lesser sentence would create a substantial risk that defendant, upon release, would perpetuate similar acts upon the unsuspecting public]; State v. Lighten, 516 So.2d at 1268 [defendant’s criminal *1308 history as a repeat offender indicated that defendant imposed a risk to the safety of the public so that his consecutive sentences were supported by the record].
State v. Smith, 539 So.2d 993, 996 (La.App. 4th Cir.1989). There is no indication in the record that the court considered a pre-sen-tence investigation or mitigating factors or that the defendant posed an unusual risk to the safety of the public. The court did not explicitly articulate the particular justification for imposing consecutive sentences. State v. Smith, supra at 996; State v. Jackson, supra at 448, Schott, J., dissenting. For the above reasons, I would remand for resentencing.