842 So.2d 1252 (2003)
STATE of Louisiana, Appellee,
v.
Billy Oscar MANDOSIA, Appellant.
No. 36,827-KA.
Court of Appeal of Louisiana, Second Circuit.
April 9, 2003.
*1254 Louisiana Appellate Project, by J. Wilson Rambo, Paula Corley Marx, Lafayette, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Donna Hall, J. Thomas Butler, Assistant District Attorneys, for Appellee.
Before WILLIAMS, PEATROSS & MOORE, JJ.
PEATROSS, J.
Defendant, Billy Oscar Mandosia, was charged with two counts of aggravated assault of a peace officer, in violation of La. R.S. 14:37.2. Defendant was tried by a jury and convicted as charged. Subsequently, the State filed an habitual offender bill of information charging Defendant as a second felony offender. The trial court found Defendant to be a second felony habitual offender and sentenced him to ten years at hard labor without the benefit of probation, parole or suspension of sentence. The trial court ordered this sentence to run concurrent with any other sentence Defendant is required to serve. Defendant now appeals his conviction and sentence. For the reasons stated herein, we affirm the conviction of Defendant, but we amend his sentence and, as amended, we affirm.

FACTS
On October 30, 2000, Shreveport police officers Thomas McCarthy and Paul Robinson were working an off-duty night job with the Shreveport Housing Authority ("Housing Authority") at Wilkinson Terrace Apartments. During the course of the officers' shift at the Housing Authority, the emergency equipment in their patrol car blew a fuse. The two officers took the car back to the police station and exchanged it for a different patrol car. On the way back to the Housing Authority, the officers tested the lights and sirens on the replacement patrol car to make sure the equipment was working properly; and, at that same time, both officers simultaneously noticed two males traveling on bicycles headed east on Texas Street. The officers observed that the two males increased their speed once the lights and sirens were activated on the patrol car.
Immediately after the officers observed the two males on bicycles, a vehicle came screeching into the middle of the intersection on Texas Street. A male, later identified as John Hardwick ("Hardwick"), jumped out of the vehicle and informed the officers that two assailants riding bicycles and wearing Halloween masks had just robbed him at the Hibernia Bank ATM machine at the intersection of Line Avenue and Jordan Street. Hardwick had followed the assailants as they rode their bicycles from Jordan Street to Texas Street.
*1255 Officers McCarthy and Robinson immediately began to pursue the two males on bicycles. As the officers approached the two males, they observed that one of them, later identified as Defendant, was pointing a silver object at them. Believing that this object was a gun and concerned about the imminent possibility of being shot, Officer McCarthy instructed Officer Robinson, who was driving, to run Defendant over with the patrol car. Officer Robinson then struck Defendant with the patrol car, running over him and his bicycle. The officers got out of the patrol car to apprehend Defendant, but he had already gotten up and had started running away from the scene.[1] Defendant was ultimately apprehended and a .357 six-shot blue metallic revolver was also recovered.
A jury trial commenced on September 10, 2001. After the prosecutor's opening statement, Defendant's attorney moved for a mistrial, arguing that the prosecutor had referred to the allegation of Defendant as a suspect in the armed robbery of Hardwick and that, since this allegation is inadmissible as evidence of other crimes under La. C.E. art. 404(B), the statement was prejudicial to Defendant. The trial judge denied Defendant's motion for a mistrial, finding that the State did not make reference to Defendant's committing the armed robbery, but only referred to Defendant as a person later identified as one of the individuals riding a bicycle. The trial resumed; and, on September 11, 2001, the jury found Defendant guilty as charged.
Since Defendant had a previous conviction for attempted manslaughter and was on parole at the time of the incident on October 30, 2000, the State filed an habitual offender bill of information charging Defendant as a second felony offender. The trial judge found Defendant to be a second felony habitual offender and sentencing was scheduled for January 24, 2002. On January 17, 2002, Defendant filed a motion for new trial, claiming that new evidence had been discovered since the trial which probably would have changed the verdict against him. This motion was subsequently denied by the trial judge who found that Defendant did not state in his motion with any degree of specificity the alleged new evidence and that Defendant's motion consisted of only "conclusory allegations."
At the sentencing hearing, Defendant moved for a post-verdict judgment of acquittal, arguing that the State failed to prove its case against Defendant beyond a reasonable doubt. The trial judge denied Defendant's motion, finding that the jury was justified in the verdict it returned and that there was sufficient evidence to support the conviction. After sentencing, Defendant filed two separate motions to reconsider his sentence, asserting that the sentence was excessive in that the trial judge failed to consider certain mitigating factors in the case, such as the lack of premeditation; that Defendant was under the influence of significant mental or emotional distress; and that there were no physical injuries to the police officers. Both motions to reconsider the sentence were denied by the trial judge. This appeal ensued.
On appeal, Defendant raises the following assignments of error (verbatim):
1. The Honorable Trial Court erred in denying Appellant's Motion for Mistrial;
2. The Honorable Trial Court erred in imposing upon Appellant an excessive sentence;

*1256 3. The Honorable Trial Court erred in denying Appellant's Motion to Reconsider Sentence;
4. The Honorable Trial Court failed to adequately comply with the requirements of L.S.A.-C.Cr.P. Art. 894.1 in fashioning Appellant's punishment by failing to adequately state for the Record those factors considered in sentencing, the factual basis for those factors considered, and by failing to give adequate consideration and appropriate weight to the presence of certain mitigating circumstances in Appellant's case; and
5. The Trial Court erred in denying Appellant parole eligibility in the imposition of the ten year hard labor sentence imposed in this case.

DISCUSSION

Motion for Mistrial
Defendant's motion for a mistrial is based on the prosecution's opening statement. Defendant contends that the prosecutor, in her opening statement, referred to Defendant as a robbery suspect. During opening statements, the prosecutor stated,
... they [the police officers] observed two black males on bicycles ride past them on Texas Street. And when they did the equipment test [on their patrol car], those two males sped up on those bicycles. Seconds later, the officers received reason to believe that these males were suspects of a robbery, and then they started a pursuit of the suspects on the bicycles.
Defendant argues that a mistrial is warranted under La.C.Cr.P. art. 770 "when certain remarks are considered so prejudicial and potentially damaging to a defendant's rights that even a jury admonition cannot provide a cure." He also asserts that La.C.Cr.P. art. 770 mandates a mistrial when a remark or comment is made within the jury's hearing by the prosecutor during argument and refers directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
Defendant further argues that the prosecutor's statement was not admissible as "other crimes evidence" and that, if the court found that the statement fell under one of the exceptions of admissibility of "other crimes evidence," the State failed to give the required notice of its intention to use "other crimes evidence in its argument." La. C.E. art. 404(B); State v. Prieur, 277 So.2d 126 (La.1973). Finally, citing State v. Allen, 26,547 (La.App.2d Cir.12/7/94), 647 So.2d 428, writ denied, 95-0048 (La.5/19/95), 654 So.2d 1352, Defendant contends that a pretrial hearing must be held, at which time the State is required to show that the evidence serves the actual purpose for which it is offered and to prove by clear and convincing evidence that Defendant committed the robbery of Hardwick. We are not persuaded by Defendant's arguments.
The determination of whether to grant a mistrial rests within the sound discretion of the trial judge, and a denial of a motion for mistrial will not be disturbed on appeal absent abuse of that discretion. State v. Hopkins, 626 So.2d 820 (La.App. 2d Cir.1993). In State v. Hopkins, a panel of this court held that a mistrial is a drastic measure which should be ordered only where prejudice suffered by the defendant has deprived him of any reasonable expectation of a fair trial.
La.C.Cr.P. art. 770(2) mandates a mistrial if the district attorney refers to "[a]nother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible...." *1257 There are exceptions, however, to the prohibition of reference to other crimes. Evidence of other crimes, wrongs or acts is admissible when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. La. C.E. art. 404(B)(1). This category of evidence is formerly known as the "res gestae," which is evidence that is admissible because it is so related and intertwined with the charged offense that the State could not have accurately presented its case without reference to it. State v. Brewington, 601 So.2d 656 (La.1992); State v. McKnight, 539 So.2d 952 (La.App. 2d Cir.1989), writ denied, 548 So.2d 322 (La.1989), citing State v. Willis, 510 So.2d 411 (La.App. 2d Cir.1987), writ denied, 534 So.2d 440 (La.1988). This doctrine encompasses "not only spontaneous utterances and declarations made before and after commission of the crime but also testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances." State v. Molinario, 383 So.2d 345 (La. 1980), cert. denied, 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980).
There must be a close connexity between the charged and uncharged conduct to insure that "the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving the immediate context of happenings near in time and place." State v. Colomb, 98-2813 (La.10/1/99), 747 So.2d 1074, citing State v. Haarala, 398 So.2d 1093 (La.1981). The test of integral act evidence is not simply whether the State might somehow structure its case to avoid any mention of the uncharged act or conduct, but whether doing so would deprive its case of narrative momentum and cohesiveness, with power not only to support conclusions, but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. State v. Colomb, supra, quoting from Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). See also State v. Constantine, 364 So.2d 1011 (La.1978); State v. Lincoln, 34,770 (La.App.2d Cir.6/22/01), 794 So.2d 56.
The notice requirements of State v. Prieur, supra, are "not applicable to the evidence of offenses which constitutes an integral part of the act or transaction which is the subject at bar." State v. Salter, 31,633 (La.App.2d Cir.2/24/99), 733 So.2d 58, writ denied, 99-0990 (La.9/24/99), 747 So.2d 1114. In the instant case, the prosecutor's statement objected to by Defendant simply sets forth the facts surrounding the occurrence of the charged crime of aggravated assault of a peace officer. The statement was part of the "narrative momentum and cohesiveness" which falls into the exception of admission of "other crimes evidence." Further, since the exception to La. C.E. art. 404(B)(1) was not an issue in State v. Allen, supra, the holding in State v. Allen, supra, does not apply to the case sub judice, and, thus, the statement here is admissible without having to have a pretrial hearing concerning its admissibility.
During her opening statement, the prosecutor narrated the events of October 30, 2000, and she explained the facts surrounding the charge for which Defendant was being tried. The prosecutor's reference to Defendant as a robbery suspect is admissible because it is intertwined with the charged offense to such an extent that she could not accurately present her case without the reference. The prosecutor's statement was an integral part of the narration of events that occurred on October *1258 30, 2000, and it made a complete fact pattern for the jurors, in particular showing them that the police officers had a reason for pursuing the two males on bicycles. Furthermore, the statement made during the prosecutor's opening statement was not prejudicial to Defendant. This assignment of error is without merit.

Sentence
Defendant's second, third and fourth assignments of error concerning the issue of his sentence are combined in one argument.[2] Defendant argues that the ten-year sentence imposed on him is excessive. He further contends that the trial judge did not refer to any factors which particularly justify the imposition on him of the maximum sentence. He argues that Louisiana jurisprudence requires a sentence to be vacated and the case remanded for resentencing when the record does not demonstrate adequate compliance with La. C.Cr.P. art. 894.1. He asserts that the record contains an insufficient factual basis or explanation of the sentencing choice of ten years as opposed to a lesser period of incarceration. We find that Defendant's sentence is not excessive and that the trial judge correctly examined the factors he was required to examine under La.C.Cr.P. art. 894.1.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. It is the goal of La.C.Cr.P. art. 894.1 to provide a factual basis for the sentence imposed, thus providing a record that will allow for a reasoned review of the sentence. State v. Lanclos, 419 So.2d 475 (La.1982). The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Scott, 36,763 (La.App.2d Cir.1/29/03), 836 So.2d 1180.
The second prong used to determine if a defendant's sentence is excessive is to examine whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864; State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has broad discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, the reviewing court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Washington, 29,478 (La. App.2d Cir.4/2/97), 691 So.2d 345; State v. *1259 Square, 433 So.2d 104 (La.1983). If the record supports the sentence imposed, the appellate court shall not set aside a sentence for excessiveness. State v. Shipp, 30,562 (La.App.2d Cir.4/8/98), 712 So.2d 230, writ denied, 98-1199 (La.9/25/98), 724 So.2d 775. Among the factors to be considered in determining a defendant's sentence are the defendant's criminal history [State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir.1986)]; the gravity or dangerousness of the offense [State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied, 496 So.2d 355 (La.1986)]; the viciousness of the crimes [State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986)]; whether the defendant constitutes an unusual risk of danger to the public [State v. Jett, 419 So.2d 844 (La. 1982)]; and defendant's apparent disregard for the property of others [State v. Parker, 503 So.2d 643 (La.App. 4th Cir. 1987)].
Our review of the record in the case sub judice shows an adequate factual basis for the sentence imposed on Defendant. The trial judge only needs to take cognizance of the criteria set forth in La.C.Cr.P. art. 894.1 and the record supports that consideration in the instant case.[3] With the enhanced sentencing from the habitual offender statute, Defendant's sentence range was two and one half years to ten years, without the benefit of probation or suspension of sentence. Aggravating circumstances exist in this case, including flight from police officers, pointing a firearm at police officers and the commission of this crime while on parole for a conviction of attempted manslaughter, a violent crime. On this record, we do not find constitutional error. Considering the criminal background of Defendant and the factual circumstances surrounding the commission of the offense, we cannot say that the trial judge abused his discretion in imposing the maximum sentence here, which, under the facts and circumstances of this case, is not constitutionally excessive. The sentence imposed is lawful and neither grossly disproportionate to the severity of the offenses, nor shocking to our sense of justice. The trial judge sentenced Defendant lawfully to ten years at hard labor and Defendant's second, third and fourth assignments of error have no merit.

Parole Eligibility
Defendant's final assignment of error concerns his parole eligibility, or lack thereof, under the sentence as imposed. The trial judge sentenced Defendant to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. Defendant argues that the denial of parole eligibility is an error patent and that the sentence imposed on him is illegal in that regard. The State has addressed this argument in its brief, agreeing that:
Neither La. R.S.14:37.2 nor La. R.S. 15:529.1 require the imposition of sentence without benefit of parole. The habitual offender law only requires the imposition of sentence without the benefit of probation or suspension of sentence. Additionally, it appears that this *1260 defendant could, at some point in his sentence, be eligible for parole consideration under La. R.S. 15:574.4. Accordingly, the only amendment of this defendant's sentence that is required, is the removal of that portion of the sentence denying the defendant parole eligibility.
An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence can be considered on appeal. La.C.Cr.P. art. 920(2). An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La.C.Cr.P. art. 882. A sentence may be reviewed as to its legality on the application of the defendant or of the state in an appealable case by appeal. Id.
At the time of the commission of the offense, La. R.S. 14:37.2(C) provided, in pertinent part, that:
Whoever commits an aggravated assault with a firearm shall be fined not more than five thousand dollars or imprisoned for not more than five years, with or without hard labor.
Since Defendant was charged as a second felony habitual offender, however, La. R.S. 15:529.1(A)(2)(a) and (G) also apply in the instant case. La. R.S. 15:529.1(A)(2)(a) and (G) provide, in pertinent part, that:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
(G) Any sentence imposed under the provisions of this Section shall be without the benefit of probation or suspension of sentence. (Emphasis Added.)
Defendant's sentence was illegal in regard to the denial of parole eligibility. As previously mentioned, under La.C.Cr.P. art. 882, this court has the authority to amend the erroneous sentence, making all necessary corrections to make the sentence legal. Defendant's sentence, therefore, should be amended to delete that portion which denies him eligibility for parole.

CONCLUSION
For the foregoing reasons, the conviction of Defendant Billy Oscar Mandosia is affirmed. The sentence of Defendant is amended to comply with Louisiana Revised Statutes 14:37.2(C) and 15:529.1(A)(2)(a) and (G) by removing the trial judge's denial of parole eligibility from Defendant's sentence. Defendant's sentence is now ten years at hard labor without the benefit of probation or suspension of sentence. As amended, the sentence of Defendant Billy Oscar Mandosia is affirmed.
AMENDED, AND, AS AMENDED, AFFIRMED.
NOTES
[1] The second bicyclist also began running, and he was never apprehended.
[2] Defendant did not argue or brief his third assignment of error concerning the denial of his motion to reconsider sentence, but we will consider this assignment of error as part of Defendant's argument of excessive sentence.
[3] The trial court specifically stated that,

The defendant was found guilty of aggravated assault on a peace officer with a firearm. The facts indicate that the defendant during the course of being pursued by the police took out a weapon and pointed it at him, at a peace officer or police officer. This defendant having a prior conviction for attempted manslaughter, he was on parole at that time for a very violent offense. This Court, after hearing the facts and considering the defendant's criminal history, believes that the maximum penalty should be imposed.