986 So.2d 197 (2008)
STATE of Louisiana, Appellee,
v.
Frank R. VINYARD, Jr., Appellant.
Nos. 43,355-KA, 43,356-KA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*198 Tracy W. Houck, Ruston, for Appellant.
Jerry L. Jones, District Attorney, John M. Ruddick, Neal G. Johnson, Assistant District Attorneys, for Appellee.
Before BROWN, DREW, and MOORE, JJ.
BROWN, Chief Judge.
Defendant, Frank R. Vinyard, Jr., was employed as the facilities engineer at Guide Corporation's Monroe headlight production plant for approximately six years. His convictions and sentences arise out of a common scheme involving numerous bogus or sham purchases defendant facilitated on behalf of his employer from a corporation set up by defendant. Defendant was charged by bill of information with nine counts of felony theft in excess of *199 $500, violations of La. R.S. 14:67, and one count of money laundering in excess of $100,000, a violation of La. R.S. 14:230. According to the indictment, Guide Corporation was defrauded out of $313,274.22 (the total loss charged in the nine felony theft counts). A 12-person jury found defendant guilty of counts four, six, and nine of felony theft in excess of $500 and one count of money laundering in excess of $100,000. Following a presentence investigation, defendant was sentenced to five years imprisonment at hard labor on each count, and the sentences were ordered to run concurrently. A timely filed motion to reconsider sentence was denied and this appeal ensued.

Denial of Motion for Mistrial
Defendant contends that the trial court abused its discretion in failing to grant a mistrial based upon the state's reference to sales tax during its rebuttal closing argument.
Defendant filed a motion in limine to prevent the state from referring to defendant's alleged failure to remit sales taxes to the state as being a crime. After a hearing, it was stipulated that the prosecution would avoid making any reference to the crime of non-remission of sales taxes to the State of Louisiana committed by defendant, the fact that failure to pay sales taxes may be a crime in Louisiana, and that there was a criminal investigation related to defendant's alleged failure to pay sales taxes. The trial court also rendered an oral ruling on the motion in limine, which stated that there shall be no reference by any witness that there was a crime of non-remission of sales taxes to the State of Louisiana that occurred in connection with the charged offenses.
Ironically, defendant's scheme was discovered when the Louisiana Department of Revenue and Taxation conducted a state sales tax audit following the department's inability to verify sales taxes paid by Guide Corporation to defendant's corporation, ASAP Industrial Supply/Technologies, or by ASAP to the department.
During his closing argument on rebuttal, while explaining defendant's theft scheme, the prosecutor set forth a hypothetical situation regarding the sale of a car using the defense attorney as the seller:
Now, ladies and gentlemen, Mr. Cook wants to sell you his vehicle and tells you that the blue book value is worth this and he can get that tomorrow and he's going to sell it for three times the value of what he can actually get it for. And if you paid three times of what it's worth, even if you want to jump around that first part of the steeplechase course and just assume and give him any benefit of the doubt that one item made it there, if you want to go there, then a three hundred and eighty (380) percent profit is a theft over five hundred dollars ($500.00). Two thousand dollars ($2,000.00) worth of sales tax on each one of those items is a theft of over five hundred dollars ($500.00). He never intended to pay it. He just kept padding their price. It wasn't enough to get three hundred and eighty (380) percent. Let's throw a little sales tax in there too.
At that point, defense counsel made a motion for mistrial based upon the state's reference to sales taxes during its closing argument on rebuttal. After hearing arguments, the trial court denied the motion for mistrial, finding that the reference to sales taxes was allowable under La. C.E. Art. 404(B)(1) as "an integral part of the act or transaction that is the subject of the present proceeding" and that there was no question of adequate notice to the defense that the amount of sales taxes would be "called upon to answer" by the trial.
*200 According to defendant, the trial court erred in failing to grant his motion for mistrial based upon the prosecutor's reference to defendant's failure to remit sales taxes collected from the victim to the State of Louisiana during closing arguments. Defendant points out that he was never charged with tax evasion and the state's reference violated La. C.E. Art. 404(B) and La. C. Cr. P. Art. 770(2).
On the other hand, the state notes that during closing arguments, defense counsel repeatedly argued that the evidence showed that the items reflected in the invoices were actually delivered to defendant's employer and thus no crime was committed. On rebuttal, the prosecutor argued that defendant's scheme had multiple aspects, including fraudulent markups of up to 200% to 300% and that sales taxes were part of the invoices that formed the state's case. That is, the amount the victim paid to defendant included the sales taxes. According to the state, the sales taxes comprised a portion of the total amount of the theft, and this theft of sums for sales taxes from Guide Corporation on non-existent sales of merchandise was not other crimes evidence, but direct evidence of the amount of the theft. The reference to sales taxes as part of the transactions was clearly reference to an integral part of the crimes charged.
According to La. C.E. Art. 404(B), evidence of other crimes is inadmissible for the purpose of proving that the defendant acted in conformity with a bad character, but it may be admitted if relevant to a material purpose. In State v. Grant, 41,745 (La.App.2d Cir.04/04/07), 954 So.2d 823, 834-835, writ denied, 97-1193 (La.12/07/07), 969 So.2d 629, the court held:
Evidence of integral acts, or res gestae, is admissible under La. C.E. Art. 404(B)(1) without requiring the state to give Prieur notice or the trial court conducting a Prieur hearing. State v. Boyd, 359 So.2d 931 (La.1978); State v. Mandosia, 36,827 (La.App.2d Cir.04/09/03), 842 So.2d 1252. Evidence of integral acts, or res gestae, is admissible so that evidence may be presented in context of the circumstances:
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. (Citations omitted).
Having reviewed the closing arguments and the representations made by the attorneys during the hearing on defendant's motion in limine, we find no abuse of the trial court's discretion in its ruling on this issue. During the hearing, the prosecutor specifically stated that he would avoid any reference to the fact that the failure to remit sales taxes to the State of Louisiana may itself be a crime or that there was a criminal investigation into defendant's failure to pay sales taxes. In his rebuttal closing argument, the prosecutor discussed the aspects of defendant's scheme, which included fraudulent markups of 200-300% and sales taxes charged on every invoice which comprised part of the total amount of the theft from Guide Corporation. This was not included in the motion in limine and as found by the trial court, the reference by the prosecutor to sales taxes clearly was allowable under La. C.E. Art. 404(B)(1) as "an integral part of the act or transaction that is the subject of the present proceeding." As such, no notice was required. See State v. Boyd, supra; State v. Mandosia, supra. *201 Even if the reference was determined to be evidence of other crimes which was improperly admitted at trial, the verdict was "surely unattributable to the error" and therefore any error was harmless. See State v. Parker, 42,311 (La.App.2d Cir.08/15/07), 963 So.2d 497, writ denied, 07-2053 (La.03/07/08), 977 So.2d 896. This assignment of error is without merit.

Excessive Sentence
Defendant contends that he qualifies for a probated sentence on each of the charges, and feels that there is nothing to indicate that he will not fully comply with conditions of a probationary term. Defendant emphasizes the following: his age (37 years old); his status as a first felony offender; all of the convictions are for nonviolent offenses; defendant's conduct neither caused nor threatened serious harm to human life nor was the result of circumstances likely to recur; defendant is currently employed and has the means to fully compensate the victim for damages that were caused by his criminal conduct; in defendant's first "brush" with the law, he was part of a "mere" fraternity prank in 1991 with a rival fraternity and for his part, he made full restitution; defendant's second "brush" with the law was some years ago when he was charged with making harassing telephone calls to a girlfriend (according to defendant, had it been a "serious" offense, he would have been prosecuted or there would have been additional charges); and, the victim, Guide Corporation, greatly facilitated the commission of defendant's criminal conduct by lax and virtually nonexistent inventory control and oversight.
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
Whoever commits the crime of theft involving misappropriation or taking of amounts to a value of $500 or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than $3,000, or both. La. R.S. 14:67(B)(1). Whoever commits the crime of money laundering when the value of the funds is $100,000 or more shall be imprisoned at hard labor for not less than five years nor more than 99 years and may be fined not more than $50,000. La. R.S. 14:230(E)(4). (Emphasis added).
The trial judge extensively discussed the factors set forth in La. C. Cr. P. Art. 894.1, including defendant's use of his position or status with the victim, his employer, to facilitate the commission of the offenses, the significant economic loss to the victim, and that defendant was the leader in planning the offenses with a willing co-participant. The trial court noted that defendant held a very desirable job with Guide Corporation during the commission of these offenses, and that defendant did not set forth any circumstances that would justify these crimes. The trial judge stated that he did not believe that defendant had a history of being a law-abiding citizen and observed that during the course of the presentence investigation defendant failed to acknowledge his full culpability. The only mitigating factor the trial court noted was the fact that the victim, Guide Corporation, greatly facilitated defendant's criminal *202 conduct with its lax or virtually nonexistent inventory control and oversight. The court further noted that defendant's concern that he must care for his aging father was belied by the fact of defendant's full-time employment in another city. The trial court felt that defendant's criminal conduct was likely to recur and that he would not respond favorably to probationary treatment. The trial court sentenced defendant to five years of imprisonment on each count and ordered them to be served concurrently.
Not only do we find this sentence to be within the discretion of the trial court, in light of the facts and circumstances of this case, we note that five years at hard labor is the minimum term that defendant could have received for money laundering, and is a mid-range sentence for the theft convictions. Clearly, defendant's sentence of a total of five years imprisonment at hard labor is not constitutionally excessive. This assignment of error is without merit.

Conclusion
For the reasons set forth above, defendant's convictions and sentences are AFFIRMED.