794 So.2d 79 (2001)
STATE of Louisiana
v.
Lanford PAYNE.
No. 2000-KA-2129.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 2001.
*80 Harry F. Connick, District Attorney, Scott Peebles, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr.
LOVE, Judge.

STATEMENT OF CASE
On March 1, 2000, the defendant, Lanford Payne, was charged by bill of information with two counts of armed robbery in violation of La. R.S. 14:64, two counts of aggravated assault in violation of La. R.S. 14:37.2, and one count of illegal use of a weapon in violation of La. R.S. 14:94. The defendant pled not guilty to all charges at his arraignment on March 10, 2000. A preliminary hearing was held on March 29, 2000, and the trial court found probable cause. After a jury trial on April 26, 2000, the defendant was found guilty as charged on the armed robbery and aggravated assault charges and not guilty on the charge of illegal use of a weapon. A sentencing *81 hearing was held on May 8, 2000. The trial court sentenced defendant to serve ten years at hard labor on each count of armed robbery and five years at hard labor on each count of aggravated assault. All sentences were to be served concurrently. The trial court denied defendant's motion to reconsider sentence.

STATEMENT OF FACT
On December 28, 1999, New Orleans Police Officers Mike Carmouche and Bruce Gentz were in the process of responding to a call at the intersection of Bienville and North Salcedo when they received a call of a suspicious person. The officers decided to provide backup for the police unit initially given the call. The officers were driving northbound on Bienville Street and had just crossed Broad Street when a large group of people flagged them down. As a result of speaking with these people, the officers turned their attention to a person, later identified as the defendant, who fit the description of the suspicious person. The subject was running down the street, followed by three other men. Officer Gentz exited the vehicle and pursued the defendant on foot. Officer Carmouche continued to pursue the subject in the police vehicle. Officer Gentz radioed Officer Carmouche that the subject was running toward Broad Street. A few minutes later, Officer Carmouche heard two gunshots. Officer Gentz informed his partner that the subject had turned around and fired at him. Another police officer, Officer Derrick Williams, participated in the pursuit. Officer Williams followed the subject as he crossed onto Broad Street and then onto St. Louis Street. At this point, the subject pulled a weapon from his waist and shot at Officer Williams' vehicle. Officer Williams' vehicle crashed into a church located at 2620 St. Louis Street.
Officer Derrick Williams testified that he assisted in the pursuit of the defendant. When the officer arrived on the scene, he observed a foot pursuit of the defendant by Officer Gentz and three men. The officer was following the defendant when the defendant turned and fired a weapon at the officer. Officer Williams' vehicle then crashed into a church.
Officers David Duplantier, Tommy Felix and Todd Morrell of the Special Operations Division were on patrol together on December 28, 1999. They observed the defendant being pursued by First District officers and joined in the pursuit. Officer Duplantier and Officer Felix pursued the defendant on foot while Officer Morrell followed in a police vehicle. Officer Duplantier observed the defendant aim a weapon at Officer Williams and Officer Felix. Officers Duplantier and Felix then ordered the defendant to drop his weapon and apprehended the defendant.
Philip Daniels testified that on the date of the accident, he was seventeen years old and a student at John McDonough High School. On that day, he was playing basketball on Salcedo Street with three friends. They had just finished playing ball and were walking on Bienville Street when they were robbed by the defendant, Lanford Payne. The defendant passed the group once, walked around the corner and then returned holding a gun. The defendant was wearing a black starter jacket. Mr. Daniels threw his money, approximately ninety dollars, on the ground. The defendant then told him to pick up the money or he would "blow his head off." Mr. Daniels picked the money off of the ground and gave it to the defendant. The other men in the group also gave the defendant their money. One of the men, Ronald Hyde, was in a wheelchair. The defendant took twenty dollars from him. The defendant then ran off towards Salcedo. *82 Mr. Daniels and two of his friends followed the defendant. The defendant turned around and saw the boys running after him. He fired the gun at them. Mr. Daniels and his friends saw a police vehicle near Broad Street. They waved the officer down and told him the direction the defendant took. The officer tried to cut off the defendant and ran into a church. After the defendant was apprehended, Mr. Daniels identified the defendant as the person who robbed him.
Ronald Hyde corroborated Mr. Daniels' testimony concerning the facts of the robbery. He also testified that he identified the defendant as the person who robbed him. Mr. Hyde stated that the defendant took twenty-five dollars from him.
Officer Tommy Felix identified the defendant as the person who pulled a gun out of his waistband and fired at Officer Williams. Officer Felix testified that the defendant pulled out a TEK-9 from his pants and aimed the weapon at Officer Williams. Officer Williams then crashed into the church. The defendant then aimed the weapon at Officer Felix. The officer drew his own weapon and screamed at the defendant to drop the gun. The defendant eventually dropped the gun on the ground and was apprehended.
Lanford Payne denied robbing Derrick Phillips and his friends. He also denies shooting at the police officers. The defendant claimed that he was on his way home when three men approached him. One of them, Philip Daniels, had a gun. The defendant ran away from the three men. The police stopped him as he ran away. The defendant stated he carried his gun for protection. He testified that he did not aim the weapon at the police officers. He also denied robbing Mr. Daniels and Mr. Hyde. The defendant acknowledged a prior conviction for possession of stolen property.

ERRORS PATENT
A review of the record reveals a patent error in the defendant's sentencing. The trial court sentenced the defendant to serve ten years at hard labor on each count of armed robbery. However, the trial court failed to state that the sentences were to be served without the benefit of probation, parole or suspension of sentence as required by La. R.S. 14:64. As such, the defendant's sentences on his armed robbery convictions are illegally lenient. However, on appeal this Court will not correct errors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (1986).

DISCUSSION

COUNSEL'S ASSIGNMENT OF ERROR NUMBER 1 AND DEFENDANT'S PRO SE ASSIGNMENT OF ERROR NUMBER 1
In these assignments of error, the defendant argues that the State failed to produce sufficient evidence to support his convictions of armed robbery and aggravated assault upon a police officer.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may *83 be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
La. R.S. 14:64 requires proof of 1) the taking 2) of anything of value 3) from the person of another or that is in the immediate control of another 4) by use of force or intimidation 5) while armed with a dangerous weapon.
Mr. Daniels and Mr. Hyde testified that the defendant approached them with a gun and told them to give him their money. Both men gave the defendant their money as requested. The defendant then fled the scene. Mr. Daniels chased the defendant until he fired at him. Both Mr. Daniels and Mr. Hyde identified the defendant as the person who robbed them. Such testimony is sufficient to prove that the defendant met the requirements of La. R.S. 14:64.
La. R.S. 14:37.2 provides that "[a]ggravated assault upon a peace officer with a firearm is an assault committed upon a peace officer with a firearm." Officers Williams and Felix testified that the defendant pulled a gun and attempted to fire on them. Officer Williams stated that he was pursuing the defendant in his police vehicle when the defendant stopped, turned around, pulled a gun, a TEK-9, from his waistband and aimed at the officer. Officer Williams ducked for protection and crashed into a church. Officer Felix stated that after the defendant pointed the weapon at Officer Williams and caused Officer Williams' vehicle to crash, he pointed the weapon at Officer Felix. Officer Felix testified that he was scared when the defendant aimed the weapon at him. The officers' testimony was sufficient to prove that the defendant committed aggravated assaults upon the police officers as required by La. R.S. 14:37.2
These assignments are without merit.

COUNSEL'S ASSIGNMENT OF ERROR NUMBER 2
The defendant further contends that the trial court imposed unconstitutionally excessive sentences on the convictions for aggravated assault upon a police officer. The trial court sentenced the defendant to serve five years at hard labor on each conviction for aggravated assault. The sentences were to be served concurrently.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La. App. 4 Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular *84 defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
The trial court imposed the maximum sentence allowed under La. R.S. 14:37.2. In imposing sentence, the trial court did not provide reasons for imposing the maximum sentence. However, there is evidence in the record revealing that the defendant had a prior conviction for possession of stolen property in March of 1993. Further, the trial judge who had earlier imposed sentence is the same judge who presided over the trial of this matter. Thus, he was aware of the facts of the case when he imposed sentence. The defendant's sentence can be supported by the fact that he committed the aggravated assaults on the police officers in his attempt to escape apprehension for two armed robberies. In addition, the defendant caused one of the officers to crash into a church. Officer Williams testified that he ducked when he saw the defendant aiming a gun at him, and as a result, crashed into a church. Therefore, the circumstances of the present case support the sentences imposed by the trial court.
This assignment is without merit.

DEFENDANT'S PRO SE ASSIGNMENT OF ERROR NUMBER 2
In his second pro se assignment, the defendant suggests that the trial court should have granted the defendant's incomplete motion in arrest of judgment.
The record includes a copy of a pro se motion in arrest of judgment filed by the defendant after he was sentenced on May 8, 2000. The motion requested a postponement of the imposition of sentence for one year to give the defendant additional time to prepare and file a motion in arrest of judgment. The defendant alleged as grounds for the motion that the evidence did not support the verdict.
La.C.Cr.P. article 861 provides that a motion in arrest of judgment must be filed prior to sentencing. Under La.C.Cr.P. article 859, a trial court must grant a motion in arrest of judgment only on one or more of the following grounds:
(1) The indictment is substantially defective, in
that an essential averment is omitted;
(2) The offense charged is not punishable under a valid statute;
(3) The court is without jurisdiction of the case;
(4) The tribunal that tried the case did not conform with the requirements of Articles 779, 780 and 782 of this code;
(5) The verdict is not responsive to the indictment, or is otherwise so defective that it would not form the basis of a valid judgment;
(6) Double jeopardy, if not previously urged;
(7) The prosecution was not timely instituted, if not previously urged.
(8) The prosecution was for a capital offense or for an offense punishable by life imprisonment, but was not instituted by a grand jury indictment.
As defendant did not timely file his motion or assert proper grounds in support of the motion, the trial court did not err when it denied the defendant's motion.
This assignment is without merit.

CONCLUSION
Accordingly, the defendant's convictions and sentences are affirmed.
AFFIRMED.