NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-520

STATE OF LOUISIANA

VERSUS

GENE MITCHELL OLIVIER

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 232585
HONORABLE PAUL J. DEMAHY, PRESIDING
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Oswald A. Decuir, Judges.

Thibodeaux, Chief Judge, dissents and assigns reasons.

AFFIRMED.

J. Phillip Haney, District Attorney
Walter J. Senette, Jr., Assistant District Attorney
Jeffrey J. Trosclair, Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
        State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT-APPELLANT:
        Gene Mitchell Olivier

**COOKS, Judge.**

Defendant, Gene Mitchell Olivier, appeals as excessive his consecutive sentences of ten years at hard labor on two counts of aggravated second degree battery and five years at hard labor for aggravated assault of a police officer. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 25, 2006, deputies of the St. Martin Parish Sheriff's Office were investigating a gun complaint in the area of Fontileu Road in St. Martin Parish. They were told Defendant was in a horse pasture with a firearm. Deputy Larry Wiltz and Deputy Waverson Guidry approached Olivier in the pasture and spoke with him across a fence. The deputies spoke with Defendant for a period of time until he fled from their presence and entered an area where he had placed weapons on the ground. The Defendant then picked up a shotgun, fired it and hit Deputy Wiltz. Defendant also fired the weapon at Deputy Waverson Guidry, who was seeking cover. Deputy Guidry returned fire and Defendant fled the scene to a wooded area. Additional deputies were called to the scene. When a responding deputy, Deputy Larry Landry, confronted him, Defendant fired the weapon again, hitting Deputy Landry.

Defendant was charged by bill of information with three counts of attempted first degree murder, violations of La.R.S. 14:27 and 14:30. Defendant pled guilty to the amended charge of aggravated second degree battery in counts one and two and to the amended charge of aggravated assault of a police officer with a firearm in the third count.

Defendant was sentenced to serve ten years at hard labor on counts one and two and to five years at hard labor on count three. The sentences were ordered to be served consecutively to each other. Defendant's Motion to Reconsider Sentence was

denied. Defendant is now before this court on appeal, asserting that his sentences are excessive.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that the sentences imposed are unconstitutionally excessive. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for aggravated second degree battery is a fine of not more than $10,000.00 or a sentence, with or without hard labor, of not more than fifteen years, or both. La.R.S. 14:34.7. Thus, Defendant received two-thirds of the possible maximum sentence for each count, but was not fined. The penalty for aggravated assault upon a peace officer with a firearm is a fine of not more than $5,000.00 or a sentence of one to ten years, with or without hard labor, or both. La.R.S. 14:37.2. As such, Defendant received only half of the possible maximum sentence, and again, was not fined. Additionally, Defendant received a significant benefit from his plea agreement. Prior to his plea, the Defendant faced a sentence of ten to fifty years, without benefit of parole, probation, or suspension of sentence, on each count of attempted first degree murder.

The evidence presented at sentencing included the testimony of two witnesses who testified regarding the Defendant's character and drug use. Harold J. Guidry, II, a friend of the Defendant, stated he had known Defendant for ten years; and, during that time, he was aware of Defendant's drug use. According to Mr. Guidry, Defendant's actions of shooting at an officer were absolutely out of character. Mr. Guidry also testified he had not witnessed Defendant act violently and he knows Defendant is a very hardworking, intelligent and caring person.

Elaine Theriot, Defendant's mother, also testified she was aware of the Defendant's drug use. She stated she had seen him under the influence of drugs shortly before he was arrested for the instant offenses, and she somehow knew it was methamphetamine. Ms. Theriot also maintained Defendant's actions were not typical of his character, that he was a good person, a loving son, and not a violent person by

nature.

Defendant took the stand on his behalf and testified he was paranoid on the day of the offenses and believed people were trying to hurt him. He maintained that the offenses were not done out of anger or hate, but out of fear. Defendant stated he had never hurt anyone before and was not a violent person. According to Defendant, he was under the influence of drugs. Since being incarcerated, Defendant stated he has been doing everything possible to better himself, including substance abuse classes.

The two deputies that were injured by Defendant also testified at the hearing. Deputy Landry stated he did not think Defendant realized he tried to kill three deputies who were doing their jobs. However, Deputy Landry stressed the offenses were serious, especially in light of the fact that all three deputies were fathers.

Deputy Wiltz testified on the day of the incident he suspected Defendant was under the influence of drugs. With regard to his injury, Deputy Wiltz stated he still has four pellets in his body, and if he had not been wearing a protective vest, *he would have been killed*. Deputy Wiltz testified he had forgiven Defendant, but could not forget what had happened as he is the father of four children.

The trial court gave the following reasons for the sentences imposed:

> Mr. Olivier, in deciding the appropriate sentence in this case, I've taken into consideration the sentencing guidelines provided by Code of Criminal Procedure Article 894.1. I've taken into consideration the evidence presented here today, which includes the pre-sentence investigation report provided by the Division of Probation and Parole. In considering these guidelines, this was an act of violence involving a firearm. You knowingly created a risk of harm, a risk of death which is an act of violence as I said. You did use a dangerous weapon. It involved multiple victims. You were under the influence of a controlled substance. And this did involve the discharge of a firearm.
>
> In considering the mitigating circumstances, there was no - you were not under a strong provocation. There are no grounds that tend to excuse or justify your criminal conduct. The victims did nothing to induce or facilitate the commission of your crime. I do note that this is your first felony offense, although you did have some felony charges

-4-

that were reduced to misdemeanors. The evidence I have heard today doesn't really assure me that your conduct is the result of circumstances unlikely to occur. If I impose a sentence less than what I will impose today, that would deprecate the seriousness of your offense. I also take into consideration that the original charge and based on the evidence, the appropriate charge was three counts of Attempted First Degree Murder, which were reduced and you were allowed to plead guilty to Aggravated Second Degree Battery and Aggravated Assault on a Police Officer with a Firearm. So, there's been consideration in sentencing by reduction of those charges.

Defendant contends on appeal the evidence does not support the original charges because Defendant did not have the specific intent to kill the deputies; and the crimes were conducted out of paranoia and fear of harm to himself. As such, Defendant maintains he did not benefit from his plea bargain. However, this argument was not presented to the trial court at sentencing and was not raised in the Defendant's Motion to Reconsider Sentence; thus, the issue is not properly before this court and cannot be considered herein. *See State v. Grogan*, 00-1800 (La.App. 3 Cir. 5/2/01), 786 So.2d 862.

Defendant also contends the trial court should have considered rehabilitation instead of imposing sentences totaling twenty-five years at hard labor. In support of his contention, Defendant refers to Act 403 of the 2001 Regular Session, which became effective on June 15, 2001, which reduced the penalty provision of numerous drug statutes. Defendant contends the amendments were based, in part, on the Legislature's recognition that many people convicted of drug crimes need treatment rather than long periods of incarceration. Defendant concedes the instant offenses were not drug offenses, but maintains the testimony at sentencing indicates the crimes were the result of his drug use. Considering same, Defendant asserts the trial court should have looked to rehabilitation instead of imposing sentences totaling twenty-five years at hard labor for a first felony offender. Again, this argument was not presented to the trial court at sentencing and was not raised in the Defendant's

Motion to Reconsider Sentence. Therefore, it is not properly before this court and cannot be considered.

Defendant also complains the trial court ordered the three sentences to be served consecutively although they arose out of a single criminal episode. As to the imposition of consecutive sentences, this court in *State v. Merritt*, 03-946, pp. 28-29 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, 97-98, *reversed in part on rehearing,* 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283, stated:

> Imposition of consecutive sentences requires particular justification. *State v. Dunbar*, 94-1492 (La.App. 3 Cir. 5/31/95), 657 So.2d 429. "[T]he trial court must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040.
>
> > Among the factors to be considered are the defendant's criminal history, *State v. Ortego*, [382 So.2d 921, *cert. denied*, 449 U.S. 848, 101 S.Ct. [2003-946 La.App. 3 Cir. 29] 135, 66 L.Ed.2d 58 (1980)]; *State v. Jacobs*, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, *State v. Adams*, 493 So.2d 835 (La.App. 2d Cir.1986), *writ denied*, 496 So.2d 355 (La.1986); the viciousness of the crimes, *State v. Clark*, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, *State v. Lewis*, 430 So.2d 1286 (La.App. 1st Cir.1983), *writ denied*, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, *State v. Jett*, 419 So.2d 844 (La.1982); the defendant's apparent disregard for the property of others, *State v. Parker*, 503 So.2d 643 (La.App. 4th Cir.1987); the potential for the defendant's rehabilitation, *State v. Sherer*, 437 So.2d 276 (La.1983); *State v. Lighten*, 516 So.2d 1266 (La.App. 2d Cir.1987); and whether the defendant has received a benefit from a plea bargain, *State v. Jett*, *supra*; *State v. Adams*, *supra*.
>
> *State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La.3/23/01), 787 So.2d 1010.

We find the trial court's reasons for sentencing sufficiently particularized a justification for ordering consecutive sentences. The trial court noted Defendant's actions posed a serious threat to the victims, and it was established at trial Deputy

Wiltz would have likely died if he were not wearing a protective vest. The trial court also specifically stated he was not assured that Defendant's conduct would not recur in the future. Lastly, the trial court noted the significant benefit Defendant received from his plea agreement.

The total time of incarceration of twenty-five years is not grossly disproportionate to the severity of the crimes as to shock our sense of justice. The sentence makes a measurable contribution to acceptable penal goals and is not simply a needless imposition of pain and suffering. Accordingly, Defendant's sentences for aggravated second degree battery and aggravated assault on a police officer are affirmed.

## DECREE

For the foregoing reasons, Defendant's sentences are affirmed.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**

STATE OF LOUISIANA

VERSUS

GENE MITCHELL OLIVIER

**THIBODEAUX, Chief Judge, dissenting.**

I dissent. Because the trial court failed to particularize a justification for ordering consecutive sentences when the crimes arose from a single course of conduct and because the sentences make no measurable contribution to acceptable penal goals, I would reverse the judgment of the trial court, vacate the sentences, and remand for re-sentencing.

No law shall subject any person to cruel or unusual punishment. La.Const. art. I, § 20. A sentence is excessive if the reviewing court finds "the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering." *State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (quoting *State v. Campbell*, 404 So.2d 1205 (La.1981)). Because the trial court has wide discretion in the imposition of sentence within the statutory limits, the appellate court shall not set the sentence aside absent a manifest abuse of this discretion. *State v. Etienne*, 99-192

(La.App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-165 (La. 6/30/00), 765 So.2d 1067.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, an "appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. Although it is helpful to compare sentences imposed for similar crimes, courts must individualize sentences to the particular offender and to the particular offense committed. *Id.* Because the trial court is in the best position to evaluate the aggravating and mitigating circumstances in a particular case, it is in the trial court's purview to particularize the sentence. *Id.* Although the trial court does not need to refer to every aggravating and mitigating circumstance, the record must show that the trial court adequately considered factors outlined in the sentencing guidelines of La.Code Crim.P. art. 894.1. Additionally, our jurisprudence reflects that in sentencing, courts should consider intoxication-induced cognitive impairment of the offender as a mitigating factor. *State v. Lodridge*, 414 So.2d 759 (La.1982); *State v. Bacuzzi*, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065.

"If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." La.Code Crim.P. art. 883. Where the convictions arise out of the same course of conduct, offenders without prior felony record should receive concurrent sentences. *State v. Jacobs*, 383 So.2d 342

2

(La.1980); *State v. Cox*, 369 So.2d 118 (La.1979); *State v. Merritt*, 03-946 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, *reversed in part on rehearing,* 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283. To impose a consecutive sentence, the trial court must state particular justification "beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. [sic] art. 894.1." *Merritt*, 875 So.2d 80, 97. Courts should consider the following factors: defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, the defendant's disregard for the property of others, potential for defendant's rehabilitation, whether the defendant constitutes an unusual risk of danger to the public, and whether the defendant has received a benefit from a plea bargain. *Merritt*, 875 So.2d 80 (citations omitted).

Although, as mentioned before, defendants should receive particularized sentences, the following cases help us determine whether the trial court abused its discretion by imposing unconstitutionally excessive sentences. In *State v. Roe*, 09-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163, the defendant pled guilty to one count of aggravated second degree battery and was sentenced to three years at hard labor and to pay restitution. There, after finding the victim in the bedroom of the defendant's estranged wife, the defendant severely beat the victim, causing serious injuries.

In *State v. Robinson*, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379, the defendant pled guilty to the unrelated crimes of aggravated second degree battery and second degree battery. In the first incident, the defendant cut her sister during an altercation. About three months later, the defendant shot her boyfriend in the leg and face. The defendant received consecutive sentences of ten years for aggravated second degree battery and of three years for second degree battery. The defendant

3

had a prior conviction for failure to return a leased movable. The defendant also had a pending charge of aggravated battery because she allegedly cut another woman's face with a knife. The trial court concluded that the defendant would likely continue committing violent crimes.

In *State v. Payne*, 00-2129 (La.App. 4 Cir. 7/25/01), 794 So.2d 79, *writ denied*, 01-3342 (La. 11/1/02) 828 So.2d 570, the defendant received concurrent sentences of five years at hard labor on each of the two counts of aggravated assault upon a peace officer, and of ten years at hard labor on each of the two counts of armed robbery. In affirming the sentences on appeal, the court noted that the defendant committed the assaults in his attempt to escape apprehension for two armed robberies and that he caused one of the officers to crash into a church. Also, the defendant had a prior conviction for possession of stolen property.

On appeal, Olivier claims that the trial court erroneously imposed lengthy consecutive terms of incarceration at hard labor. Olivier also claims the trial court erred by considering elements of the crime as aggravating factors. Olivier further maintains that he did not benefit from his plea bargain because the evidence did not support the original charges of attempted first degree murder, particularly on the element of specific intent to kill. The State argues that Olivier did not present some of these arguments to the trial court, and, therefore, this court should not consider them on appeal.

With regard to the mitigating factors, Olivier is a first felony offender. Furthermore, the trial court should have considered Olivier's drugged condition as a mitigating factor, rather than an aggravating factor, because the conduct in question was an aberration from his normal behavior. Although Olivier's actions posed a serious threat to the victims, the two victims Olivier shot did not sustain serious and

4

permanent injuries. Olivier has no prior history of violence, and, thus, the evidence does not support the contention that Olivier poses an unusual risk to the safety of the public. Further, the facts do not demonstrate the possibility of repeated criminality for this first felony offender. There was also no evidence at sentencing to suggest that Olivier could not be rehabilitated.

The evidence presented at sentencing indicates that Olivier's actions were out of character. Also, Deputy Landry, both a victim and a witness in this incident, testified that he did not think Oliver realized that he tried to kill the three deputies. In light of his drug-induced mental state at the time of the offense, we doubt that Olivier would have been found guilty as originally charged, making his plea bargain's benefit rather dubious. Although, as the State maintains, Olivier did not present this argument to the trial court, the trial judge specifically commented on this factor at the hearing. Therefore, we are free to consider this factor on appeal.

In arriving at the sentence, the trial court listed several aggravating factors, most of which, Olivier asserts, are elements of the crime the legislature already considered when it drafted the statutes. For example, both statutes require the use of a firearm, and, thus, the trial court should not have considered the use of a dangerous weapon as an aggravating factor. The extent of the injuries to each deputy was also an element of the aggravated second degree battery, making it an inappropriate aggravating factor. Finally, instead of considering Olivier's drug-induced cognitive impairment to be a mitigating factor as our jurisprudence dictates, the trial court viewed it as an aggravating circumstance.

Olivier received upper range sentences for aggravated second degree battery that this court finds to be excessive in light of the facts of the case. This court notes Act 403 of the 2001 Regular Session, effective June 15, 2001, that reduced the

penalty provision of numerous drug statutes. Olivier contends that the amendments were based, in part, on the legislature's recognition that many people convicted of drug crimes need treatment rather than long periods of incarceration. Although Olivier's crimes were not drug offenses, Olivier argues that these crimes were the result of his drug use. Consequently, Olivier asserts that the trial court should have looked to rehabilitation instead of imposing sentences totaling twenty-five years at hard labor for a first felony offender. Although Olivier did not present this argument to the trial court, the trial judge commented on rehabilitation by stating that he was not convinced that the conduct would not re-occur, making the argument appropriate for the appeal. Again, Olivier is a first felony offender with no prior history of violence. This court finds significantly mitigating that Olivier likely did not intend to harm the victims, because the crimes occurred as the result of Olivier's drug intoxication at the time of the offense. Even the victims—the police officers—did not believe Olivier intended to kill them. Thus, the trial court should have considered rehabilitation.

Unlike the defendants in the above-illustrated cases, Olivier is not a career criminal with a violent past. Moreover, although the threat of harm from his actions was great, the actual injuries the victims sustained were minimal. Furthermore, because Olivier was not in his right mind as the result of his drug use, he likely did not intend to inflict the harm upon the victims. Finally, the trial court failed to state a particularized justification for ordering consecutive sentences when the crimes arose from a single course of conduct. Accordingly, this court concludes that the ten year sentences for aggravated second degree batteries and the five year sentence for aggravated assault upon a police officer make no measurable

6

contribution to acceptable penal goals and are, therefore, nothing more than a needless imposition of pain and suffering.

For the foregoing reasons, the majority opinion is wrong.  I dissent.