437 So.2d 276 (1983)
STATE of Louisiana
v.
Joseph N. SHERER.
No. 82-KA-1782.
Supreme Court of Louisiana.
September 2, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Sturgeon, Dist. Atty., Ronald Kilgallen, Asst. Dist. Atty., for plaintiff-appellee.
Philip Letard, Vidalia, for defendant-appellant.
PER CURIAM.
Defendant Joseph N. Sherer was convicted by a jury of two counts of negligent homicide. In a previous opinion we affirmed his convictions but vacated his two multiple offender adjudications and sentences. State v. Sherer, 411 So.2d 1050 (La.1982). On remand, the district court adjudged him to be a multiple offender on one conviction of negligent homicide, sentenced him to seven years on that conviction, sentenced him to five years on the regular negligent homicide conviction, and made the sentences consecutive for a total of 12 years at hard labor.
On this appeal, defendant has argued one assignment of error attacking his sentences because of the court's failure to state for the record the reasons for sentencing, and the imposition of consecutive rather than concurrent sentences. At the time of sentencing the defendant had served three years which will apply on his sentence and had been released on bail by the court for twenty three months immediately prior to *277 the sentence hearing. At the sentence hearing, the district court judge indicated that he was pleased with the defendant's conduct while on bail because he had not been in trouble and had made diligent effort toward his rehabilitation. The judge expressed a belief that defendant had come about as near to rehabilitation as one can get. In fact, the judge stated that he would write a letter recommending the defendant for parole when he became eligible in about one and one half years.
Nevertheless, the judge sentenced the defendant to a total of twelve years at hard labor, giving no reasons for making the habitual offender sentence of seven years consecutive with the regular sentence of five years. The maximum penalty for negligent homicide is five years at hard labor. La.R.S. 14:32. At the time of this offense, the maximum habitual offender enhanced penalty for this crime was double the maximum sentence, or ten years. La.R.S. 15:529.1. Thus, if the sentencing judge had imposed two regular maximum sentences of five years consecutively, or one maximum habitual offender sentence of ten years concurrently with a regular sentence, the defendant would have received a total of ten years imprisonment. By making defendant's seven year habitual offender sentence consecutive with his five year regular sentence the district court extended his total time to 12 years at hard labor.
Although the sentencing judge gave no reasons for the double enhancement of a consecutive habitual offender sentence, the record reflects some negative features in defendant's background. The defendant had a substantial criminal record: the instant offenses represented his third vehicular transgression while intoxicated amidst a number of other less serious traffic violations including speeding and revocation violations; he also had been convicted of burglary, grand larceny and felony theft. The defendant admitted during the sentencing hearing that he had taken a drink about two months before during a bout with pneumonia and a mild heart attack. The judge expressed slight displeasure that the defendant was not participating in AA as well as the drug abuse clinic defendant said he was attending. The judge expressed concern that the defendant might "blow up again" if the pressure was taken off him. Because the judge gave no reasons for the sentence and expressed optimism about defendant's affirmative response to parole, however, it cannot be ascertained that those facts account for the doubly enhanced sentence.
Because the function of the consecutive sentence should be similar to the sentence imposed on habitual or dangerous offenders, sentences for crimes arising from a single course of conduct should be concurrent rather than consecutive, absent a showing that the offender poses an unusual risk to the safety of the public. See State v. Franks, 373 So.2d 1307 (La.1979); State v. Cox, 369 So.2d 118 (La.1979). Cf. La.C. Cr.P. art. 883. We cannot presume that the sentencing judge viewed the defendant as an unusual risk to the safety of the public because he did not so state. Instead, the judge expressed his belief that the defendant had become virtually rehabilitated and should be released on parole at the earliest possible time. For these reasons, the imposition of consecutive rather than concurrent sentences totaling 12 years at hard labor upon a defendant deemed parole-eligible by the sentencing judge for crimes of criminal negligence, rather than intentional offenses, arising from a single course of conduct, are unexplained by the judge's statements and unillumined by this problematic record.
Accordingly, the defendant's sentences are vacated and the case is remanded to the district court for resentencing with a full statement of reasons for the particular sentences imposed.