PER CURIAM.
Defendant, Robert L. Jackson, Jr., was charged by bill of information with 14 counts of simple burglary in violation of LSA-R.S. 14:62. The 14 burglaries occurred between September 7 and October 6 of 1987. On June 20, 1988 pursuant to a plea agreement defendant pled guilty to 3 counts of simple burglary that occurred on October 6, 1987 and nolo contendere to 4 counts of simple burglary that occurred on September 7 and September 19, 1987. On August 23, 1988 defendant was sentenced to serve 3 years at hard labor on each of the 7 counts of simple burglary with the sentences to run consecutively. However, the court recognized that defendant was facing a sentence for simple burglary in Jackson Parish and allowed the sentences to run concurrently with that sentence. Defendant appealed on July 19, 1990 asserting that the trial court failed to set forth appropriate factors which would support consecutive sentences. We affirm.
LSA-Const. Art. 1 § 20 prohibits the imposition of excessive punishment. Although a sentence is within the statutory limits it may still violate a defendant’s constitutional right against excessive punishment. State v. Hogan, 480 So.2d 288 (La.1985) and State v. Bonanno, 384 So.2d 355 (La.1980). LSA-C.Cr.P. Art. 894.1 provides a framework for evaluating whether a sentence is excessive. The criteria set forth under Art. 894.1 must be considered by the sentencing judge. The judge is required to specify the circumstances considered in imposing a sentence for the purpose of insuring that the sentence is tailored to the offender and the particular offense. State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988).
Defendant asserts that under LSA-C.Cr.P. Art. 883 his sentences should be served concurrently rather than consecutively. Defendant alleges that all 7 counts for which he was sentenced arose out of the same act or transaction and constituted a common scheme or plan. Defendant relies on State v. Sherer, 437 So.2d 276 (La.1983).
In State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir. 1987) this court determined that multiple convictions resulting from a single course of conduct did not necessarily require concurrent sentences. However, the sentencing court must particularly justify the reasons for consecutive sentences. Factors to be considered include those set forth in LSA-C.Cr.P. 894.1 as well as consideration of whether the defendant poses an unusual risk to the safety of the public.
In this case defendant was 21 years of age at the time of his sentence. As stated by the sentencing court, he engaged in a “virtually uninterrupted, unbroken and continuous stream of burglaries of a number of different locations”. Defendant was convicted of simple burglary in a neighboring parish. As an adult, defendant had prior misdemeanor convictions for possession of marijuana, theft, and another possession of marijuana. Defendant had a lengthy juvenile record.
The trial court expressly stated his reasons for imposing consecutive sentences citing defendant’s lengthy juvenile record, his recent prior conviction for simple burglary in Jackson Parish and the pattern of *942 criminal activity throughout his life as representing a direct threat of harm to the public. The habitual nature of defendant’s criminal activities distinguishes him from the situation contemplated under LSA-C. Cr.P. Art. 883 and State v. Sherer, supra. In Sherer the trial court specifically commented that defendant had become “virtually rehabilitated” as opposed to the finding that this defendant posed an unusual risk to the public safety.
Defendant received a plea bargain of substantial benefit. In addition to dismissing the other 7 counts of burglary, two separate felonies of possession of marijuana second offense were not filed by the state. The benefits received in a plea agreement are a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
There is no merit to defendant’s contention that the sentencing court did not set forth adequate reasons for consecutive as opposed to concurrent sentences. A review of the record does not demonstrate that the sentencing judge violated his wide range of discretion in sentencing. Accordingly, we affirm the sentence.
AFFIRMED.