806 So.2d 960 (2002)
STATE of Louisiana, Appellee,
v.
Markus JOHNSON, Appellant.
No. 35,487-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 2002.
*961 Rollin W. Cole, Jr., Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Spencer Hays, II, David G. Griffith, Assistant District Attorneys, Counsel for Appellee.
Before CARAWAY, PEATROSS and DREW, JJ.
CARAWAY, J.
The state charged this 18-year-old first felony offender with two counts of distribution of cocaine. In a separate bill of information, the state charged defendant with possession of cocaine with intent to distribute *962 and illegal possession of a firearm. The state agreed that, in exchange for defendant's guilty pleas to the two counts of distribution of cocaine, the state would dismiss the other charges. Pursuant to the plea bargain, defendant entered guilty pleas to two counts of distribution of cocaine. The trial court imposed sentences of seven and ten years at hard labor on the respective counts, with the first five years of each sentence to be served without benefits, and directed that the sentences be served consecutively. Thereafter, the court denied defendant's timely motion for reconsideration of sentence. Defendant argues that the sentences are constitutionally excessive. We agree and set aside the sentence, and remand the case with instructions for re-sentencing.

Facts
The matters of record show that defendant, Markus Johnson, sold 0.6 grams of crack cocaine to an undercover agent on July 19, 2000, and again on July 25, 2000, at a Bossier City residence. The price for both transactions was $50. During the second sale, Johnson gave the agent five $10 bags of cocaine which defendant pulled from a bag containing a larger quantity of cocaine.
On July 26, two agents went to Johnson's residence and watched him sell crack cocaine to two other persons. The agents also witnessed Johnson remove "cooked" crack cocaine from a bottle and cut it into small pieces. Johnson left the area in a taxi which was subsequently stopped by members of the narcotics unit. Johnson and his companion were in possession of approximately 11 grams of crack cocaine, digital scales, $950 in cash, and a loaded.380 pistol. The crime lab verified that all the suspect substances contained cocaine.

Discussion
The test imposed by a reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the trial court reviewed a pre-sentence investigation report (PSI) and noted that Johnson secured the dismissal of other charges through his plea bargain. The court considered the facts of the case in detail and *963 thoroughly reviewed the information in the PSI. Johnson had no juvenile record or prior felony record. The court then considered Johnson's family and social histories. Johnson dropped out of school in the 11th grade and never obtained a GED or vocational training. He had no employment history. The court noted that imposition of the maximum sentence was recommended in the PSI by the probation officer but found that imposing the maximum sentence was not appropriate in this case. However, the court determined that the facts of the case indicated that Johnson was more than a street level dealer.
Johnson argues constitutional excessiveness of the consecutive sentences under which he is required to serve a minimum of five years at hard labor for each offense, "without benefit of parole, probation, or suspension of sentence." La. R.S. 40:967(B)(4)(b) (2000). Johnson argues that the trial court did not adequately consider the mitigating factors of his youth and lack of criminal history. Finally, he contests the imposition of consecutive sentences for the similar, small scale drug transactions which occurred within days of each other, claiming violation of La.C.Cr.P. art. 883.
La.C.Cr.P. art. 883 provides, in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.

* * *
For same-transaction crimes under Article 883, the trial court may "expressly direct" consecutive sentences when, due to the defendant's past conduct or repeated criminality over an extended period, the defendant poses an unusual risk to the safety of the public, similar to those posed by habitual or dangerous offenders. State v. Sherer, 437 So.2d 276 (La.1983); State v. Camps, 476 So.2d 864 (La.App. 2d Cir. 1985), writ denied, 481 So.2d 616 (La. 1986), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658 (1986); State v. Miller, 561 So.2d 892 (La.App. 2d Cir.), writ denied, 566 So.2d 983 (La.1990).
This court has held that the first sentence of Article 883 is inapplicable and there is no single transaction when two distinct drug sales are carried out a week apart and paid for separately, even though they involve the same undercover officer and the same location. State v. Miller, supra. Nevertheless, while the first sentence of Article 883 has no technical application to the transactions in this case, there is jurisprudence of this court demonstrating that consecutive sentences for a youthful first offender involved in multiple drug transactions before his first arrest for a felony drug charge can be constitutionally excessive. State v. Cathey, 569 So.2d 627 (La.App. 2d Cir.1990). In other words, while Article 883 may be inapplicable and none of the individual sentences for consecutive drug transactions may be excessive, as in this case, the imposition of consecutive sentences for the sequence of similar transactions before arrest may be so grossly disproportionate to the crimes committed as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985).
In State v. Smith, 576 So.2d 105 (La. App. 2d Cir.1991), this court reviewed the ten-year sentence of a 28-year-old first offender who sold two rocks of cocaine for $40. Citing State v. Tilley, 400 So.2d 1363 (La.1981), this court stated "that in cases involving youthful first offenders on the bottom end of selling cocaine and/or drugs in small quantities, the constitutionally permissible range of sentence was between five and ten years." State v. Smith, 576 So.2d at 107. The Smith court remanded *964 the case for re-sentencing with a maximum sentence of eight years. See also, State v. Wyatt, 591 So.2d 761 (La.App.2d Cir.1991) (where this court found three concurrent twelve-year sentences constitutionally excessive where a 36-year-old defendant made three separate sales of cocaine on the same day to two undercover officers).
From the above jurisprudence, we do not find that Johnson's repeated sales of small quantities of cocaine place him in the same position as a habitual offender who, having once been brought to justice and convicted, nevertheless continues a life of crime. Unlike a repeat habitual offender who, posing an unusual risk, may be deserving of consecutive sentences, the consecutive sentences totaling seventeen years in this case [ten of which being served without benefits] are constitutionally excessive for this eighteen-year-old first offender, and we view the constitutionally permissible range for these offenses to be very similar to the range discussed in our ruling in Smith, supra. Accordingly, we find that consecutive sentences are excessive under these facts, and that the maximum sentencing range we could affirm for these combined offenses may extend up to ten years at hard labor, the first five years of which are to be served without the benefits of parole, probation or suspension of sentence. Therefore, we remand this case to the trial court for re-sentencing.

Conclusion
For the reasons stated above, the defendant's conviction is affirmed. The sentence is vacated, and the case remanded to the trial court for re-sentencing in accord with this opinion.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RE-SENTENCING.