MOORE, J.
 

 11 Originally charged with indecent behavior with juveniles, La. R.S. 14:81.1 A(2), Dr. Milton Slocum pled guilty to obscenity, La. R.S. 14:106 A(2)(a). The district court imposed the maximum sentence of three years at hard labor and a fine of $2,500, and denied a motion for reconsideration. Dr. Slocum now appeals, urging only that his sentence is excessive. For the reasons expressed, we affirm.
 

 Dr. Slocum is a 45-year-old vascular surgeon who practiced medicine at Ark-La-Tex Vein Care Center in Shreveport. He is married and has three children ranging in age from 14 to 18. In August 2006, he entered an Internet chatroom and exchanged instant messages (“IMs”) with a person he believed to be a 15-year-old girl named Lori Poff, but who was in fact a Caddo Parish sheriffs deputy on the Northwest Louisiana Internet Crimes Against Persons Task Force. They exchanged some personal information (Dr. Slocum disclosed to Lori that he was a 42-year-old physician) and some photos that were not pornographic. After two IMs, the contacts ceased for a while.
 

 In late January 2007, Dr. Slocum again IMed Lori, reminding her he was the 40-year-old guy she had talked to earlier; they exchanged more photos, and he complimented her appearance. In the next IM, he asked for a swimsuit photo and wanted to know her cup size; in the next, on February 17, he disclosed he had cheated on his wife and he wanted to see nude pictures of Lori. He sent her a picture of his genitals and talked to her about sexual positions and orgasms. On February 19, he IMed and asked if Lori would meet him at Columbia Park, just to exchange nude photos; a female |2deputy on the task force called his cell phone to confirm the tryst for the next day. Dr. Slocum followed up by emailing her a composite picture of Lori next to his erect penis.
 

 On February 20, when Dr. Slocum went to Columbia Park at the appointed time, deputies arrested him for pornography involving juveniles, indecent behavior with juveniles and computer-aided solicitation of a minor. According to the incident report, Dr. Slocum waived his
 
 Miranda
 
 rights and admitted starting an online relationship with a 15-year-old girl and eventually
 
 *928
 
 sending her, on two occasions, sexually explicit pictures of himself.
 

 As noted, the state initially charged Dr. Slocum with one count of indecent behavior with juveniles, La. R.S. 14:81 A(2). Pursuant to a plea agreement, the state filed an amended bill charging him with one count of obscenity, La. R.S. 14:106, for the electronic communication of hardcore sexual conduct with the intent of arousing sexual desire. The district court accepted Dr. Slocum’s guilty plea and stated that it would use the state’s discovery packet, rather than a presentence investigation report, for sentencing purposes.
 

 At sentencing on February 20, 2009, the court recited the background facts (in much greater detail than we have indulged in this opinion), describing the initial contacts as “grooming” the child and noting with disfavor that after a lapse of several months, Dr. Slocum reinitiated the IMs. The court further found that Dr. Slocum had never expressed any remorse for his conduct and, more damningly, his wife and daughter had offered |aweak excuses such as addiction and entrapment. The court intoned that in the Internet age, sexual predators come not only from neighbors and folks around the bus stop but 6½ billion people worldwide. The court discussed the sentencing factors of La. C. Cr. P. art. 894.1, noting especially that Dr. Slocum was a well-educated professional with children roughly the same age as his intended victim, and that he had received significant benefit from a plea bargain. The court found only two mitigating factors: Dr. Slocum’s clean criminal record and the potential hardship on his family from his incarceration. The court then imposed the maximum sentence of three years at hard labor and a fine of $2,500, adding that it would have imposed more time if it could. The court later denied Dr. Slocum’s motion for reconsideration.
 

 Dr. Slocum now appeals, urging that maximum sentences should be reserved for the most serious violations of the charged offense and the worst kind of offender.
 
 State v. Cozzetto,
 
 2007-2031 (La.2/15/08), 974 So.2d 665. He submits that he is a first-time offender with an immaculate record; the search of his three computers uncovered no child pornography and no lewd conversations with anybody except the fictitious Lori Poff; he and his wife have now undergone two years of counseling, with some progress; and that his family is now destitute as his medical license has been suspended for the duration of these proceedings. He adds that the court appeared unduly influenced by his wife’s comments, which must be understood to reflect her anger and frustration at the whole situation. He concludes that a more appropriate sentence would have been probation with the special | condition that he continue counseling and not be allowed access to any computer.
 

 The state responds that Dr. Slocum initiated the contacts with Lori Poff, broached the subject of sexuality, heated up the messages and sent her pictures of his genitals; moreover, he received a tremendous benefit from the plea bargain. It submits that the maximum sentence was no abuse of the district court’s great discretion.
 

 Appellate review of sentences for exces-siveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1, which requires the court to state an adequate factual basis and consider enumerated factors to support the sentence imposed.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992). Dr. Slocum concedes that the coui't carefully and meticulously applied the criteria of this article.
 

 
 *929
 
 The second prong is constitutional ex-cessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals.
 
 State v. Guzman,
 
 99-1528 (La.5/16/00), 769 So.2d 1158. The sentencing court has wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of manifest abuse of that discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7.
 

 As a general rule, maximum or near-maximum sentences are reserved for the most serious violations of the charged offense and the worse kind of offender.
 
 State v. Cozzetto, supra.
 
 When the offense to which the defendant pled guilty does not adequately describe his conduct, the court has great discretion to impose the maximum or a near-maximum sentence.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Johnson,
 
 43,810 (La.App. 2 Cir. 1/14/09), 2 So.3d 567. As originally charged with indecent behavior with juveniles, Dr. Slocum faced a maximum of seven years at hard labor and a fine of $5,000, without benefit of suspension or deferral of sentence. La. R.S. 14:81 H(l). The plea bargain obviously sliced his sentencing exposure by more than half.
 

 This court would agree that Dr. Slocum is probably not the worst kind of offender: he has a clean criminal record and exemplary professional attainments; moreover, he admitted his guilt. We would not ascribe to him the indignation voiced by his wife and daughter toward the task force’s operation. Also, we would not seek to punish Dr. Slocum any harder simply because the Internet exposes children to a global community of potential predators. However, the fact remains that Dr. Slocum initiated contact with a person he believed was a 15-year-old girl, resumed them after several months’ silence, introduced sexual topics and sent pictures of his genitals. His conduct culminated in a planned rendezvous with Ms. Poff; despite his argument to the contrary, the situation easily could have led to molestation of a 15-year-old.
 

 Lin view of these facts, and the significant benefit from the plea bargain, we cannot say that the maximum sentence of three years at hard labor and the fine of $2,500 is an abuse of the district court’s discretion.
 
 State v. Guzman, supra; State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166. While it is severe, it does not shock our sense of justice.
 

 We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2).
 

 The conviction and sentence are therefore affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.