MADELEINE M. LANDRIEU, Judge.
| ¡After having pled guilty to all charges, Cecilia Slattery appeals her sentences in multiple cases that were consolidated at the district court level. For the reasons that follow, we affirm her convictions; affirm her sentences in four of the six cases; vacate her sentences in the remaining two cases, and remand for resentencing in those two cases.
STATEMENT OF THE CASE
The State filed five bills of information charging Ms. Slattery with the following:
1) The December 1 through 31, 2009 theft of over five hundred dollars, a violation of La. R.S. 14:67(B)(1), and misapplication of payment, a violation of La. R.S. 14:202, in case no. 500-786 (2012-KA-0711);
2) The September 2, 2010 issuing of a worthless check for over $500, a violation of La. R.S. 14:71(c), in case no. 502-651 (2012-KA-0276);
3) The theft of over five hundred dollars on November 7, 2010, in case no. 503-633 (2012-KA-0277);
4) The issuing of a worthless check for over five hundred dollars, a violation of La. R.S. 14:71(e), on September 11, 2010, in case no. 503-634 (2012-KA-0278);
5)Two counts of misapplication of payment on October 13, 2010, in case no. 503-635 (2012-KA-0279); and
|¾6) The theft of over five hundred dollars on September 1, 2010, in case no. 503-636 (2012-KA-0280).
Ms. Slattery pled guilty to all charges at a June 2, 2011 hearing. The respective docket master for each case reflects that a restitution hearing was held on July 21, 2011. At that hearing, the State and Ms. Slattery agreed upon the respective amounts of restitution that she would pay to each of her victims. However, Ms. Slat-tery failed to appear for sentencing on August 16, 2011, and an alias capias was issued for her arrest. She was arrested on September 30, 2011.
She was finally sentenced at an October 11, 2011 hearing for all of these convictions. The trial court sentenced her to five years at hard labor with credit for time served for each count, with the sentences on counts that were charged together to be served consecutively. The court ordered, however, that the sentences for each of the six separately charged cases be served concurrently.
Ms. Slattery filed a Motion to Correct Illegal Sentence in each respective case, asserting that the sentences were excessive. The trial court denied the motions on February 7, 2012 [1].

STATEMENT OF FACT

Because Ms. Slattery pled guilty to all charges, there was no trial to introduce evidence of facts. During the June 2, 2011 court appearance at which Ms. Slattery’s guilty pleas were entered, she agreed to the State’s presentation of the following facts by admission:
*806 1) In case no. 500-786, she received $217,000 from the Quest family for a contract project worth $238,000, performed only a portion of the work, as to |,!count one (theft), and misapplied between $8,000 and $74,000 of the funds, as to count two (misapplication);
2) In case no. 502-651, she issued two worthless checks for $2,071 and $2,295, respectively, to Advantage Air Conditioning and Heating;
3) In case no. 503-633, she received $39,000 from Chiquita Holmes and Cheryl Batiste for partial payment to build a $200,000 modular home but never performed any work;
4) In case no. 503-634, she issued worthless checks totaling $9,200;
5) In case no. 503-635, she did not pay subcontractors on a modular home project, resulting in liens totaling $3,717 being filed against the property; and
6) In case no. 503-636, she did not complete “the vast majority of work on a $285,000 modular home after having received a $60,000 payment.

ERRORS PATENT

The record reveals two errors patent. The record of Ms. Slattery’s guilty plea in case no. 500-786 fails to show whether her sentence in that case is legal. Additionally, Ms. Slattery’s sentence in case no. 503-635 is clearly illegal.
In both of these cases, Ms. Slattery pled guilty to misapplication of funds, a violation of La. R.S. 14:202.[2] Pursuant to La. R.S. 14;202(C), when the amount of misapplied funds exceeds $1,000, the punishment is between ninety days and sixj^months “for each one thousand dollars in misapplied funds, provided the aggregate imprisonment shall not exceed five years.”
In case no 500-786, Ms. Slattery admitted to misapplying between $8,000 and $74,000. Pursuant to La. 14:202(0, the maximum sentence she could have received for the misapplication of $8,000 would be four years (eight times six months). Because the sentence issued was five years, it is impossible to determine whether the sentence complies with the statute without a more exact determination of the amount of money that was misap *807 plied. Therefore, we must vacate this sentence and remand the matter to the trial court to determine the amount of money misapplied and to issue a legal sentence in accordance with that amount.
The sentence issued in case no. 503-635 is clearly illegal. In that case, Ms. Slat-tery admitted to misapplying $3,717. Under La. R.S. 14:202(C), the maximum sentence she could have received is eighteen months (three times six months). She was sentenced to five years. Accordingly, we vacate the five year sentence in case no. 503-635 and remand the case to the trial court to issue a legal sentence under La. R.S. 14:202(C).

ASSIGNMENT OF ERROR NUMBER 1

In her first assignment of error, Slattery argues that her sentences are unconstitutionally excessive because the trial court failed to consider the mitigating factors enumerated in La.C.Cr.P. art. 894.1. She points to no mitigating facts in the record[3], except her age.
In State v. Smith, 2001-2574, pp. 6-7 (La.1/14/03), 839 So.2d 1, 4, the Court set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive ... punishment.” Emphasis added. Although a sentence is within statutory limits, it can be reviewed for constitutional exeessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
See also State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Batiste, 2006-0875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810; State v. Landry, 2003-1671 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235.
In Batiste, at p. 18, 947 So.2d at 820, this court further explained:
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Landry, supra; State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However, as noted in State v. Major, 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual ba *808 sis for the sentence imposed, resen-tencing is unnecessary even when there |7has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La.C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.” State v. Landry, 2003-1671 at p. 8, 871 So.2d at 1239. See also State v. Bonicard, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184.
Ms. Slattery’s contention that the trial court did not consider mitigating factors as enumerated in La.C.Cr.P. art. 894.1(B) lacks merit because she has failed to point to any valid mitigating factors in law or in the record. She points to the fact that she did not use a weapon, citing La.C.Cr.P. art, 894.2(B)(10), (18), (19) and (20), did not commit a drug offense, citing La. C.Cr.P. art. 894.1(B)(15) and (16), and did not further a terrorist attack, citing La.C.Cr.P. art. 894.1(B)(17). These three factors are irrelevant to this case because they in no way relate to the charges here, which are in the nature of economic crimes. Moreover, they are aggravating, not mitigating, factors.
Citing La.C.Cr.P. art. 894.1(B)(31), Ms. Slattery also contends that her sentences would cause her excessive hardship because she is sixty-one years old. Under the circumstances presented here, Ms. Slattery’s age, which could be considered a mitigating factor, is far outweighed by the aggravating factors in this case. Ms. Slat-tery admitted to committing multiple counts of theft of over five hundred dollars, misapplication of payments, and issuing worthless checks.
| sin sentencing Ms. Slattery, the trial court noted several aggravating factors. In particular, the trial court noted that she had failed to appear for her original sentencing hearing, fleeing the state instead, and having to be extradited to Louisiana for sentencing. The trial court recalled being informed by defense counsel at the original sentencing hearing that he had spoken to Ms. Slattery on the phone; and that she was running late; that she was at a bank waiting for a wire transfer of money to compensate her victims. The trial court also noted the economic hardship inflicted on multiple victims for her economic crimes, and that Ms. Slattery had not and probably would not compensate these victims. The trial court believed she posed an undue risk of repeating her crimes, and that a lesser sentence would depreciate the seriousness of the offenses. Moreover, the trial court noted the particular vulnerability of the victims, who were trying to rebuild after Hurricane Katrina. Given the number of victims who fell prey to Ms. Slattery’s crimes, their relative vulnerability, and the suffering they incurred, as well as Ms. Slattery’s flight from the original sentencing, it is evident that the trial court reasonably concluded that Ms. Slattery poses a risk of repeating her illegal activities and requires extensive incarceration.
Prior to 2010, the maximum penalty for theft of over five hundred dollars under La. R.S. 14:67(B)(1) was ten years imprisonment and a three thousand dollar fine. Act No. 585 of 2010 amended La. R.S. 14:67, making the penalty under La. R.S. 14:67(B)(1) applicable only to theft of over $1,500. Nevertheless, since the amend *809 ment took effect, the maximum sentence for theft of an amount Isfrom $500 to $1,500 is five years, which was the sentence issued for each count in this case.
The trial court did not issue a maximum sentence for every count. In the two cases in which Ms. Slattery stole more than $1500, her five-year sentences fell below the maximum. In case no. 502-651, Slat-tery admitted to issuing two worthless checks for $2,071 and $2,295, respectively. In case no. 503-684, she admitted to issuing a worthless check for $9,200. Under La. R.S. 14:71(C), the penalty for issuing a worthless check of $1,500 or more is up to ten years imprisonment and up to a three thousand dollar fine.
Accordingly, all of the sentences issued for the theft convictions are legal, and are well within the sentencing range, except for those noted to be errors patent. We find that Ms. Slattery has failed to show that her sentences are excessive, or that the trial court abused its vast sentencing discretion, except as to those two cases (nos. 500-786 and 508-635).

ASSIGNMENT OF ERROR NUMBER 2

In her second assignment of error, Slattery argues that requiring her to serve her sentences consecutively results in an excessive sentence and violates La.C.Cr.P. art. 883. Based upon the same reasoning and facts that justify upholding the individual five year sentences, we find that the trial court did not abuse its discretion in holding that sentences for separately charged offenses be served consecutively.
| mMs. Slattery’s argument concerning La.C.Cr.P. art. 883 is misplaced. La. C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Ms. Slattery contends that she was engaged in a common scheme or plan. Although she .followed a pattern of committing economic crimes, nothing in the record indicates a common scheme or plan. Here, the six cases against Ms. Slattery stemmed from six separate transactions, which involved different victims and occurred on different dates. In State v. Reed, the court held that separate drug transactions were not part of a common scheme or plan within the terms of article 883, stating:
We determine that these two distinct distributions of controlled dangerous substances separated by two weeks in time, paid for separately, even though involving the same substance, the same undercover officer and the same location, are not part of a common scheme or plan. The circumstances here presented, particularly considering that the purchasers were virtual strangers, are indications that the defendant was in the business of selling drugs. Thus, our review shifts from whether the trial judge showed that the offender posed an unusual risk to public safety as required by State v. Sherer, supra, [437 So.2d 276 (La.1983) ] to the simplier [sic] standard of whether the record sufficiently justifies the sentencing choice.
499 So.2d 132, 140 (La.App. 2nd Cir.1986).
In State v. Colvin, this court found that six consecutive sentences of ten years each imposed upon an individual who accepted *810 payments of various amounts lnfrom different persons in the aftermath of Hurricane Katrina and then reneged on his promise to build them modular homes were excessive, reasoning in part that:
“[T]he imposition of consecutive sentences for crimes arising from a single course of conduct requires particular justification.” Id. [State v. Parker, 503 So.2d 643, 646 (La.App. 4th Cir.1987)] (citing State v. Messer, 408 So.2d 1354 (La.1982); State v. Mosley, 466 So.2d 733 (La.App. 4th Cir.1985)).
State v. Colvin, 2010-1092, pp. 6-7 (La.App. 4 Cir. 4/20/11), 65 So.3d 669, 674; writ granted, 2011-1040 (La.11/14/11), 75 So.3d 439, and rev’d, 2011-1040 (La.3/13/12), 85 So.3d 663, cert. denied, — U.S. —, 133 S.Ct. 274, 184 L.Ed.2d 162 (2012). The Louisiana Supreme Court reversed our ruling, however, impliedly finding that the defendant’s actions did not comprise a common scheme or plan. The Court stated:
... [T]he court of appeal lost sight of a fundamental principle of sentence review at the appellate level that we have repeatedly stressed. The pertinent question on appellate review is “whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.” State v. Humphrey, 445 So.2d 1155, 1165 (La.1984); see also State v. Taves, 03-0518, p. 4 (La.12/3/03), 861 So.2d 144, 147 (per curiam) (collecting cases). A trial court “abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, ie., when it imposes ‘punishment disproportionate to the offense.’ ” State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608 (quoting State v. Sepulvado, 367 So.2d 762, 767 (La.1979)). In making that determination, “we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, 384 So.2d 355, 358 (La.1980).
State v. Colvin, 2011-1040, p. 7 (La.3/13/12), 85 So.3d 663, 667-68, cert. denied, — U.S. —, 133 S.Ct. 274, 184 L.Ed.2d 162 (2012).
Accordingly, the stipulation in article 883 that sentences for “offenses based on the same act or transaction, or constituting parts of a common scheme or plan,” be served concurrently is inapplicable to the facts of this ease. Moreover, Lathe trial court clearly complied with the remainder of the article by expressly directing that the sentences be served concurrently and providing ample reasoning therefore, as we discussed in the first assignment of error. The trial court did not abuse its discretion by imposing consecutive sentences. Accordingly, we find that the appellant’s second assignment of error merits no relief.

CONCLUSION

Ms. Slattery admitted guilt and does not challenge any of her convictions. Therefore, her convictions are affirmed. For the reasons stated, we vacate the sentences issued in case nos. 500-786 and 503-635 due to patent errors, and remand the matter to the trial court to issue new sentences in accordance with La. R.S. 14:202(C). The appellant’s remaining sentences are affirmed.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART AND VACATED IN PART; REMANDED.

. A Memorandum in Support of Motion to Reconsider Sentence was also filed on December 11, 2011.

. La. R.S. 14:202 states:
§ 202. Contractors; misapplication of payments prohibited; penalty
A. No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.
B. When the amount misapplied is one thousand dollars or less, whoever violates the provisions of this Section shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned for not less than ninety days nor more than six months, or both.
C. When the amount misapplied is greater than one thousand dollars, whoever violates this Section shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned with or without hard labor for not less than ninety days nor more than six months, or both, for each one thousand dollars in misapplied funds, provided that the aggregate imprisonment shall not exceed five years.
D.Any person, contractor, subcontractor, or agent of a contractor or subcontractor who knowingly fails to apply construction contract payments as required in Subsection A shall pay to the court, and the court shall transfer to the person whose construction contract payments were misapplied, an amount equal to the sum of the payments not properly applied and any additional legal costs resulting from the misapplication of construction fund payments, including a fee charged by the clerk of court for handling such payments.

. Ms. Slatteiy also complains that the trial judge considered facts not in the record because the trial court noted it was aware of other similar offenses committed by her in other states. However, the notation referred to occurred after the trial court issued sentence. Accordingly, we find that no facts outside the record were considered in issuing sentence.