DREW, J.
| j Elton Craft entered guilty pleas to two counts of indecent behavior. La. R.S. 14:81. The two victims were eight and nine years old at the time of the crimes.
The trial court imposed consecutive sentences of 20 years at hard labor, with 10 years of each sentence to be served without benefits. The defendant alleges exces-siveness in this sentence. We affirm, in all respects.
FACTS
Two bills of information were originally filed, each charging the defendant with indecent behavior with a juvenile. The acts occurred between January 1 and November 9, 2012. Both bills were later amended to add aggravated incest, a violation of La. R.S. 14:78.1(D)(2). In exchange for the dismissal of the aggravated incest charges, the defendant withdrew his former pleas, waived his Boykin rights, and entered a plea of guilty to each indecent behavior charge.[1]
The prosecutor’s factual basis was that the defendant, more than two years older than each victim, committed lewd or lascivious acts upon one of the children, in the presence of the other child, with each child being under the age of 17, with the intention of arousing or gratifying the sexual desires of either person.
*542 Additional gruesome and undisputed facts were read into the record.[2]
|2The factual basis was admitted by the defendant, and the trial court accepted each plea, ordering a presentence investigation.
At sentencing on April 25, 2014,[3] the judge referenced that:
• the facts in these cases were sordid;
• the defendant admitted touching the girls, but not sexually;
• he was a third-felony offender;
• he knew that his victims were vulnerable due to their youth;
• he used his status as grandfather to the victims to facilitate the crime;
• he threatened to kill them and the family if they told anyone;
• he suffered from emphysema and nerve damage;
• he began drinking alcohol at age 13; and
• he received mental health treatment in 2011.
|aThe defendant’s criminal history is indeed extensive.[4]
The trial court sentenced the defendant as outlined before.[5]
Counsel for the defendant filed a motion to reconsider these sentences, arguing that *543 the sentences imposed, although within statutory limits, appear excessive, merely punitive, and will not achieve any goals of rehabilitation.
The motion for reconsideration was denied.
EXCESSIVENESS
In his sole assignment of error, the defendant contends that his sentence is excessive for the following reasons:
• he is a 52-year-old with health problems;
• societal goals can be met with a shorter term of incarceration;
• he will be 72 years old at the time of his parole eligibility;
• he has emphysema and nerve damage;
• he is an alcoholic and has been drinking since age 13; the court recognized this problem and recommended treatment for him during his incarceration;
• sex offender registration and reporting is already required by law and serves as an additional societal protection; and
• a shorter period of incarceration with mental health treatment for him meets societal goals.
I/The state contends that the sentence is warranted by the circumstances of the case, the defendant’s status as a third-felony offender, his using his kinship with the victims to facilitate the crimes, his threats against the children, and the benefits accruing to him by the dismissal of the aggravated incest counts.
Whoever commits the crime of indecent behavior with juveniles on a victim under the age of 13 when the offender is 17 years of age or older, shall be punished by imprisonment at hard labor for not less than two, nor more than 25 years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81(H)(2).
Our law on appellate review of sentences is well settled.[6]
*544 | sIn this case, the defendant pled guilty without a sentencing cap. His motion to reconsider sentence was denied. In imposing sentence, the court noted the defendant’s prior convictions, how he knew that his victims were particularly vulnerable due to their youth, how he used his status as grandfather to the victims to facilitate the commission of the crimes, and his threat to kill them and their families if they ever told anyone. The court also noted that the defendant suffered from emphysema, nerve damage, began drinking alcohol at age 13, and received mental health treatment in 2011. In addition, the court took into account the victims’ impact statements and the defendant’s extensive criminal history. The record reflects adequate consideration of La. C. Cr. P. art. 894.1.
Second, the record supports that the sentence was not grossly out of proportion to the seriousness of the offense. The defendant’s stepdaughter stated that the defendant had sexually abused her and her sisters as children. In addition, the defendant’s criminal history includes a sexual assault and child abuse conviction in Mississippi. These sentences are neither grossly disproportionate to the severity of the offenses of conviction, nor are they shocking to the sense of justice. These sentences are clearly not constitutionally excessive.
IfiThe trial court did not abuse its discretion by sentencing defendant to serve consecutive terms, as it thoroughly reviewed the sentencing factors set forth in La. C. Cr. P. art. 894.1. There was imperfect, yet substantial compliance with La. C. Cr. P. art. 883, as the court also found that the defendant’s crimes resulted in separate and permanent injury to each victim, justifying consecutive sentences.
The defendant’s crimes shock the conscience. His sentences do not shock the conscience.
DECREE
The convictions and sentences of the defendant are AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). At the hearing, the defendant’s charge of La. R.S. 14:81, listed on his second bill of information, was amended to La. R.S. 14:81H(2), without objection.

."And those — if we were to go to trial, evidence and testimony would be presented to a jury which would show — the evidence and testimony would consist of the testimony of the young children involved, family members including the mother and others, the arresting officers, and that testimony would be that the defendant, who is a grandfather of these two children, is identified in the bill of information, and are also the victims in these two cases, that they would testify that on or about the dates set forth in the bill of information that this defendant committed the crimes as charged with regard to the young person named S.L. while located at his daughter's house in Webster Parish, Louisiana.
"He had the child come downstairs. As a matter of fact, he forced her to come down by her hair and by grasping her throat. He grabbed her by the hair and the throat. He had her take off her clothes. He touched her vagina and he tried to — she tried to kick him but he held her legs and kept on touching her. She kept kicking. He finally let her go and told her if she told anybody what had happened he would kill her and his family.
"And with regard to the young victim named or identified as M.L., she would testify that he did essentially the same things to her, that he also said he would kill her and her family if she told anybody about his having touched her in the fashion that I set forth that he had touched S.L. And then the investigator would testify that upon being interviewed, and after having been previously advised of his rights, he was asked did he do these things and he said — his response was not a denial, but rather that he hoped not and if he did do it, it was not intentional.”

. Two witnesses appeared at sentencing. The first, J.L.R., defendant’s former stepdaughter, requested the maximum sentence because the defendant was a repeat sex offender, had previously served 12 years for aggravated rape of a juvenile (supposedly a girlfriend's child), and because he had sexually abused her and her sister for several years as children. The second, M.C., defendant’s daughter and the mother of the two victims, provided heartfelt and emotional testimony as to how her children had been adversely affected by these crimes.

. 1983 conviction of simple battery in Bossier Parish;
1989 conviction of misdemeanor possession of stolen things in Webster Parish;
1992 conviction of sexual assault and child abuse in Mississippi;
1993 conviction of DWI in Minden City Court;
2011 conviction of failure to register as a sex offender in Caddo Parish;
2012 conviction of DWI in Caddo Parish; and
2012 conviction of domestic abuse battery in Caddo Parish.

. The court also recommended mental health treatment and advised the defendant of his sex offender registry requirements.

. A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dillard, 45,633 (La.App.2d Cir. 11/3/10), 55 So.3d 56, writ denied, 2010-2853 (La.11/18/11), 75 So.3d 454. The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La. App.2d Cir.11/3/10), 55 So.3d 90.
A trial court has wide discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, a sentence will not be set aside as excessive. Id. (citing State v. Square, 433 So.2d 104 (La.1983)). As a general rule, maximum or near-maximum sentences are reserved for the most serious violations of the charged offense and the worse kind of offender. State v. Slocum, 44,871 (La.App.2d Cir. 12/9/09), 26 So.3d 926.
Concurrent sentences arising out of a single course of conduct are not mandatory. State v. Derry, 516 So.2d 1284 (La.App. 2d Cir. 1987), writ denied, 521 So.2d 1168 (La.1988). It is within a trial court’s discretion to order *544 sentences to run consecutively rather than concurrently. La. C. Cr. P. 883; State v. Johnson, 42,323 (La.App.2d Cir.8/15/07), 962 So.2d 1126. When consecutive sentences are imposed, the court shall s'tate the factors considered and its reasons for the consecutive terms. Id. Among the factors to be considered are the defendant's criminal history, State v. Ortego, 382 So.2d 921 (La.1980); the gravity or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied, 496 So.2d 355 (La.1986); the viciousness of the crimes, State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982); and the potential for defendant’s rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983).